UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JONATHAN L. SNYDER, BOTH
INDIVIDUALLY AND ON BEHALF OF
THE ESTATE OF SYLVIA B. SNYDER,

05 1044 RCL

MAGISTRATE JUDGE

CIVIL ACTION NO.

Plaintiff,

v.

DAVID A. SNYDER,

Defendant.

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant, David A. Snyder, hereby

removes the matter entitled Jonathan L. Snyder, Both Individually and on Behalf of the Estate of

Sylvia B. Snyder v. David A. Snyder, Barnstable Superior Court, Civil Action No. 05-208, to the

United States District Court for the District of Massachusetts. In support of such removal, the

Defendant states as follows:

1.    This action was commenced in Barnstable Superior Court on or about April 12,

2005, by which the Plaintiff, Jonathan L. Snyder, both individually and on behalf of the Estate of

Sylvia B. Snyder, alleges claims against the Defendant, David A. Snyder, for breach of fiduciary

duty, conversion, fraud, tortous interference with an expectancy interest. A true and correct

copy of the Verified Complaint and Demand for Trial by Jury, along with all other documents

served upon the Defendant, is attached as Exhibit A.

2.    As alleged in the Complaint, the Plaintiff is an individual residing in North

Falmouth, Massachusetts. The Defendant is alleged to be an individual residing at 5706 N.W.

23rd Terrace, Boca Raton, Florida. Accordingly, there is complete diversity of citizenship between the Plaintiff and Defendant, as defined in 28 U.S.C. § 1332.

3.    The amount of damages alleged in the Civil Action Cover Sheet filed with the Barnstable Superior Court is $800,000.00, which exceeds the jurisdictional amount in controversy of $75,000.00 set forth in 28 U.S.C. § 1332.

4.    The Defendant received a copy of the Summons and Complaint by certified mail, return receipt requested, on or about April 28, 2005. This Notice of Removal is being filed within thirty days of the Defendant's receipt of such process, and accordingly is timely under 28 U.S.C. § 1446(b).

5.    The United States District Court for the District of Massachusetts embraces the place in which this action is currently pending. Written notice of the filing of this Notice of Removal will be served upon the Plaintiff, and will be filed in Barnstable Superior Court, as required by 28 U.S.C. § 1446(d).

6.    By filing this Notice of Removal, the Defendant does not waive any defense that may be available to him, including, but not limited to, the right to challenge personal jurisdiction, and does not concede that the allegations in the Complaint states a valid claim under applicable law.

7.    Pursuant to Local Rule 81.1(a), the Defendant shall request from the Clerk of the

Barnstable Superior Court certified or attested copies of all records and proceedings in such

Court, and certified or attested copies of all docket entries therein, including a copy of this

Notice of Removal, and will file the same with this Court within thirty days after the filing of

this Notice of Removal.

DAVID A. SNYDER

By his Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: May 18, 2005

Mark W. Corner
BBO #550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

892422.1

I, Mark W. Corner, hereby certify that a true copy of the
above document was served upon the attorney of record
for each other party by mail-hand on __5/18/05__.

Mark W. Corner

3

**EXHIBIT A**



• A T T O R N E Y S •

90 New State Highway
Raynham, MA 02767
(508) 823-4567
Fax (508) 822-4097
1 (800) 852-5211
http://www.wynnwynn.com

April 20, 2005

Elizabeth K. Balaschak
William E. Enright, Jr.
Thomas M. Grimmer
Richard A. Martone
Kevin P. McRoy
Robert F. Mills
Charles D. Mulcahy
John J. O'Day, Jr.
Kevin J. O'Malley
Thomas E. Pontes
Michael J. Princi
Rebecca C. Richardson
Janice E. Robbins
William Rosa*
Louis V. Sorgi, Jr.
Dina M. Swanson
Robert Venturo
John A. Walsh
Paul F. Wynn
Thomas J. Wynn

Of Counsel
Hon. Robert L. Steadman (Ret.)
Thomas A. Maddigan
Hon. James F. McGillen, II (Ret.)
Hon. James J. Nixon (Ret.)

Admitted:
*Massachusetts and Rhode Island

David A. Snyder
5706 N.W. 23rd Terrace
Boca Raton, FL   33496

Re:    Jonathan L. Snyder, both individually as on behalf
       of the Estate of Sylvia B. Snyder
Vs:    David A. Snyder

Dear Mr. Snyder:

Enclosed please find a copy of Summons together with plaintiff's Verified Complaint and Demand for Trial by Jury, Civil Action Cover Sheet and Tracking Order which has been filed in the Barnstable Superior Court, 3195 Main Street, Barnstable. Massachusetts relative to the above-referenced matter.

Your Answer to the plaintiff's Verified Complaint and Demand for Trial by Jury should be filed with the Barnstable Superior Court within twenty (20) from receipt of the same.

Very truly yours,

WYNN & WYNN, P.C.

Kevin J. O'Malley

KJO/adm
Enclosures

CERTIFIED MAIL NO. 7002 2030 0003 2707 2577
RETURN RECEIPT REQUESTED

cc:    Mr. Jonathan L. Snyder

Affiliate Office: Hyannis 300 Barnstable Road • Hyannis, MA 02601 • (508) 775-3665

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
No. 05-208

JONATHAN L. SNYDER, both individually
and on behalf of the Estate of Sylvia
B. Snyder

VS.

DAVID A. SNYDER

## SUMMONS

To the above-named defendant :  David A. Snyder

You are hereby summoned and required to serve upon ...... Thomas J. Wynn/Kevin J.

...... O'Malley ...... plaintiff's attorney, whose address is

...... Wynn & Wynn, P.C., 90 New State Highway, Raynham, MA, 02767 ...... an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE  Esquire, at Barnstable, the ...... 20th ......

day of ...... April ......, in the year of our Lord two thousand and ...... five ......

*Scott W. Nickerson*  Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.

## COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. $05 - 208$

| | |
|---|---|
| JONATHAN L. SNYDER, | * |
| both Individually and on behalf of | * |
| the Estate of Sylvia B. Snyder, | * |
| Plaintiff | *    VERIFIED COMPLAINT |
| | *    AND DEMAND FOR TRIAL BY JURY |
| vs. | * |
| | * |
| DAVID A. SNYDER, | * |
| Defendant | * |

### PARTIES

1. Plaintiff, Jonathan L. Snyder, is an individual with a residential address of 18 Crystal
   Spring Avenue, North Falmouth, Barnstable County, Massachusetts.

2. Defendant, David A. Snyder, is an individual with a residential address of 5706 N.W.
   23rd Terrace, Boca Raton, Florida.

### FACTS

3. Plaintiff, Jonathan L. Snyder and the Defendant, David Snyder, are the sons of the
   now deceased, Sylvia B. Snyder.

4. In 1985, Sylvia Snyder executed her Last Will and Testament in which she named her
   husband, Abraham Snyder, Executor and her son, David A. Snyder as the Substitute
   Executor, should Abraham Snyder predecease her (see Last Will and Testament of
   Sylvia Snyder attached as Exhibit "A").

5. Pursuant to her Last Will and Testament, Sylvia Snyder, directed her executor within
   fifteen (15) days of appointment to offer in writing to her son, Jonathan Snyder, the

opportunity to purchase her real estate in Pawtucket, Rhode Island or her real estate located in North Falmouth, Massachusetts.

6.    Pursuant to Sylvia Snyder's Last Will and Testament, her residuary estate was bequeathed to her husband should he survive her or in equal shares to her sons, Jonathan L. Snyder and David A. Snyder, should Abraham predecease her.

7.    Abraham Snyder died in 1993 and, thereafter, Sylvia Snyder executed a Durable Power of Attorney granting the Defendant, David Snyder power to act as her attorney in fact.

8.    In 1999, Sylvia Snyder suffered a stroke which forced her to enter Hillside Rehabilitation Center Providence, Rhode Island, where she resided until her death on January 8, 2004.

9.    From the time Sylvia Snyder entered the nursing home until her death on January 8, 2004, her son, the Defendant, David A. Snyder, managed her business affairs.

10.    Since Sylvia Snyder's execution of a Durable Power of Attorney naming the Defendant, David A. Snyder as her attorney in fact, the Defendant, owed Sylvia Snyder a fiduciary duty of utmost faith and absolute loyalty, and to act solely for the benefit of Sylvia Snyder.

11.    From 1999 to January 8, 2004, the Defendant, David A. Snyder, breached the fiduciary duty owed to Sylvia Snyder by committing conversion of the decedent's funds, committing fraud, and liquidating assets for his own benefit.

2

12. The Defendant, David A. Snyder, pursuant to the Durable Power of Attorney, paid all tax, water, sewer and insurance bills for the property owned by Sylvia Snyder in North Falmouth, Massachusetts from 1999 until Sylvia Snyder's death on January 8, 2004.

13. On March 9, 2004, a Circuit Judge of the Circuit Court for Palm Beach County, appointed Defendant, Donald A. Snyder personal representative of the estate of Sylvia Snyder pursuant to the 1985 Last Will and Testament (see Appointment attached as Exhibit "B").

14. On or about April 2, 2004, the Defendant, David A, Snyder filed an Inventory with the Probate Division of the Circuit Court of Palm Beach County in which the Defendant claimed that at the time of Sylvia Snyder's death, the only probate asset was the property located in North Falmouth, Massachusetts and the fair market value of all real estate and personal property was zero ($0) dollars (see Inventory attached as Exhibit "C").

15. Plaintiff has brought this action pursuant to M. G. L. c.230 section 5, which provides the heir of an estate standing upon which to bring a claim on behalf of an estate if the executor is unwilling to bring such action because of it is contrary to his own interest.

3

## COUNT I
## (BREACH OF FIDUCIARY DUTY)

### JONATHAN L. SNYDER ON BEHALF OF THE ESTATE OF SYLVIA B. SNYDER V. DAVID A. SNYDER

16.    Plaintiff, Jonathan L. Snyder, repeats and realleges the allegations contained in paragraphs 1 through 15 of his Verified Complaint as if fully set out herein and make them a part of Count I.

17.    Defendant, David A. Snyder, pursuant to the above referenced Durable Power of Attorney owed the decedent, Sylvia Snyder, a fiduciary duty.

18.    By expending funds and liquidating assets for his own benefit, the Defendant, David A. Snyder, violated and breached the fiduciary duty owed to the Sylvia Snyder.

WHEREFORE, Plaintiff demands judgment against the Defendant, David A. Snyder, for a sum sufficient and proper to compensate it for its losses, plus costs, interests and expenses of this action to be determined to be reasonable by this Court with jury.

## COUNT II
## (CONVERSION)

### JONATHAN L. SNYDER ON BEHALF OF THE ESTATE OF SYLVIA B. SNYDER V. DAVID A. SNYDER

19.    Plaintiff, Jonathan L. Snyder, repeats and realleges the allegations contained in paragraphs 1 through 18 of his Verified Complaint as if fully set out herein and make them a part of Count II.

4

20.    Defendant, David A. Snyder,   intentionally and wrongfully exercised acts of ownership over the property of Sylvia Snyder while acting as her attorney in fact by treating the property as his own.

21.    Defendant, David A. Snyder, had no right to the possession of Sylvia Snyder's property while acting as her attorney in fact.

WHEREFORE, Plaintiff demands judgment against the Defendant, David A. Snyder, for a sum sufficient and proper to compensate it for its losses, plus costs, interests and expenses of this action to be determined to be reasonable by this Court with jury.

## COUNT III
### (FRAUD)

**JONATHAN L. SNYDER ON BEHALF OF THE ESTATE OF SYLVIA B. SNYDER V. DAVID A. SNYDER**

22.    Plaintiff, Jonathan L. Snyder, repeats and realleges the allegations contained in paragraphs 1 through 21 of his Verified Complaint as if fully set out herein and make them a part of Count III

23.    Defendant, David A. Snyder, made material misrepresentations, which he knew or believed were false, to Sylvia Snyder regarding his actions as his attorney in fact, with the intent of converting Sylvia Snyder's property.

24.    Defendant, David A. Snyder, made material misrepresentations with the intent to induce Sylvia Snyder, to act in reliance on said misrepresentations.

5

25.    The decedent, Sylvia Snyder, justifiably relied on the Defendant's misrepresentations

that he was acted solely in her best interest as her attorney in fact and such reliance

caused the decedent to suffer damages.

WHEREFORE, Plaintiff demands judgment against the Defendant, David A. Snyder,

for a sum sufficient and proper to compensate it for its losses, plus costs, interests and

expenses of this action to be determined to be reasonable by this Court with jury.

## COUNT IV
## (TORTUOUS INTERFERENCE WITH AN EXPECTANCY INTEREST)

### JONATHAN L. SNYDER V. DAVID A. SNYDER

26.    Plaintiff, Jonathan L. Snyder., repeats all allegations contained in paragraphs 1

through 25 of his Verified Complaint as if fully set out herein and make them a part

of Count IV..

27.    Plaintiff, Jonathan L. Snyder, had a legally protected interest in one half of the

residuary estate of Sylvia Snyder as exemplified by her will executed in 1995.

28.    Defendant, David A. Snyder, by expending funds and liquidating assets of Sylvia

Snyder for his own benefit, intentionally interfered with the Plaintiff's expectancy

interest in an unlawful way.

29.    Defendant, David A. Snyder, had control over Sylvia Snyder's assets pursuant to the

executed Durable Power of Attorney up until the time of Sylvia's death.

30.    As a result of the Defendant's intentional interference with the Plaintiff's expectancy

interest, the Plaintiff has suffered damages.

6

WHEREFORE, Plaintiff demands judgment against the Defendant, David A. Snyder,

for a sum sufficient and proper to compensate it for its losses, plus costs, interests and

expenses of this action to be determined to be reasonable by this Court with jury.

**THE PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted for the
Plaintiff

By his attorneys,

WYNN & WYNN, P.C.

Thomas J. Wynn, BBO# 535860
Kevin J. O'Malley, BBO #548685
90 New State Highway
Raynham, MA 02767
(508) 823-4567

## VERIFICATION

I, Jonathan L. Snyder, certify that I have read this Verified Complaint and that the allegations contained herein are true to the best of my knowledge and, with response to the allegations made on information and belief, I certify that I believe that such allegations are true.

Signed under the pains and penalties of perjury this 11th day of April, 2005.

Jonathan L. Snyder

7

4210

I, SYLVIA B. SNYDER, of Pawtucket, Rhode Island, declare
this to be my will and revoke all previous wills and codicils.

FIRST:  DEBTS, EXPENSES, TAXES.  My debts and the expenses
of my last illness and funeral and of settling my estate (in
all jurisdictions) shall be paid from my estate.  All estate
taxes (except those on account of any property held in any
trust I did not establish) shall be paid from my estate in the
same manner as my debts.

SECOND:  REAL ESTATE.  1.  If my husband, Abraham H. Snyder
(hereinafter "my husband"), is not living at my death, I direct
my executor within fifteen (15) days after my executor's
appointment by a court of competent jurisdiction to offer in
writing to my son, Jonathan L. Snyder, if he is living at my
death, the opportunity to select either of the following:  (a)
my real estate located in said Pawtucket or (b) my real estate
in North Falmouth, Massachusetts.  In the event that I own only
one of said parcels of real estate at my death, said offer
shall apply to the parcel that I own.

2.  If my son, Jonathan L. Snyder, shall accept said offer
(such acceptance to be made by an instrument in writing
delivered to my executor within sixty [60] days after delivery
of said offer), I authorize and direct my executor to convey
the real estate selected by my son, Jonathan L. Snyder, to him
and to convey the other said real estate (if I own both of said
parcels of real estate at my death) to my son, David A. Snyder,
if he is then living.  The value of any real estate conveyed to
either of my sons shall be deemed to be a part of the residue
of my estate and a part of the share therein distributable to
such son at their value in the state estate tax proceedings
relating to my estate.

Sylvia B. Snyder

Book16658/Page1369                    Page 1 of 5


EXHIBIT
"A"

3.  If my son, Jonathan L. Snyder, shall not accept said offer, I direct my executor to sell all my interest in all said real estate for such price and upon such terms as my executor shall deem best, and no purchaser of said real estate shall be required to inquire whether an offer pursuant to the provisions hereof shall have been made, accepted or declined, but shall be entitled to rely entirely upon the exercise by my executor of the power of sale hereinafter conferred. Neither of my sons shall be deemed to have any legal or equitable interest in said real estate. The net proceeds of any sale shall be added to the residue of my estate.

THIRD:  TANGIBLES.  I give all my tangible personal property to my husband, or if he is not living at my death, in equal shares to such of my sons, David A. Snyder and Jonathan L. Snyder (hereinafter "my sons"), as are then living.

FOURTH:  RESIDUE.  I give all the residue of my estate, real and personal, to my husband, or if he is not living at my death, in equal shares to such of my sons as are then living, provided, that if there are issue then living of a deceased son of mine, the share to which such son would have been entitled if then living shall be distributed per stirpes to such issue.

FIFTH:  POWERS OF EXECUTOR.  I empower my executor:

1.  To appoint specific or general proxies and to place stock in voting trusts.

2.  To participate in or disapprove any reorganization, recapitalization, consolidation, merger, winding up or read-justment of the indebtedness of any corporation or association.

3.  To compromise or submit to arbitration any matters in dispute.

4.  To sell assets at public or private sale, for cash or on credit, together or in parcels; and to sell real estate even though there may be personal property which might be sold.

5.  To invest and reinvest assets.

Sylvie B. Snyder

-2-

6.  To execute all deeds, mortgages and other documents to carry out any of the foregoing powers.

SIXTH:  DEFINITIONS.

1.  The term "estate taxes" refers to any federal, state or foreign estate, inheritance or like taxes on account of any property included in my gross estate in the final determination of such taxes.

2.  The term "my tangible personal property" refers to my personal effects, jewelry, books, household furniture, furnishings and effects, automobiles and all other tangible personal property which I own at my death but does not include money, securities or the like.

3.  The term "my executor" refers to my executor, any alternate executor and any administrator with this will annexed.

4.  The term "residue" does not refer to or include any property, real or personal, over which I shall have power of appointment.

5.  The term "give" means devise and/or bequeath and, unless otherwise specified in this will, shall transfer all of my interest in the property given.

6.  Whenever herein a distribution is directed to be made per stirpes to the issue at the time living of any person then deceased, such distribution shall be made to the then living children of such person and to the then living issue of any such child who shall then have died, such children to take in equal shares and such issue to take through all degrees to take per stirpes the share or respective shares which his, her or their parent or respective parents would have taken if then living.

SEVENTH:  EXECUTOR.  I appoint my husband executor of this will; or if he fails or ceases to serve, I appoint my son, David A. Snyder, executor.  No executor shall be required to furnish any bond or surety.

IN TESTIMONY WHEREOF, I have to this will written on three pages set my hand on ⎰July 5⎱         , 1985.

                              Sylvia B. Snyder


Sylvia B. Snyder declared this instrument to be her will and signed it in our presence and we have at her request signed

-3-

our names as witnesses in her presence and in the presence of each other.

_Barry A. Hittner_     Residing at _121 Hazard Ave_

                                             _Providence RI_

_Nancy Fisher Chudacoff_     Residing at _84 Cole avenue_

                                             _Providence, RI_

-4-

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence on *July 5* , 1985, then and there
personally appeared the undersigned, who, being duly sworn,
depose and say: that they witnessed the execution of the will
of Sylvia B. Snyder dated *July 5* , 1985; that the
signature to the will is in the handwriting of the testator;
that said testator so subscribed said will and declared the
same to be her last will and testament in their presence; that
they thereafter subscribed the same as witnesses in the
presence of said testator and in the presence of each other;
that at the time of the execution of said will the testator
appeared to be of sound mind and twenty-one (21) years of age
or over; and that the signatures of the witnesses on said will
are genuine.

*Barry M Hattner*

*Nancy Fisher Chudacoff*

Subscribed and sworn to before me on the day and date first
above written.

*Kathleen J. Domingos*
Notary Public

KATHLEEN J. DOMINGOS
My Commission Expires June 30, 1988

03/11/2004  11:50:26  20040136010
OR BK 16658 PG 0863
Palm Beach County, Florida
Dorothy H Wilken, Clerk of Court

IN THE CIRCUIT COURT FOR PALM BEACH COUNTY,
FLORIDA                                  PROBATE DIVISION

IN RE: ESTATE OF                File No. 502004CP000939XXXXSB

SYLVIA B. SNYDER
                            Division     IY
      Deceased.

LETTERS OF ADMINISTRATION
(single personal representative)

TO ALL WHOM IT MAY CONCERN

        WHEREAS, SYLVIA B. SNYDER, a resident of 5706 NW 23rd Terrace, Boca Raton, FL 33496
died on January 8, 2004, owning assets in the State of Florida, and

        WHEREAS, DAVID A. SNYDER has been appointed personal representative of the estate of the
decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

        NOW, THEREFORE, I, the undersigned circuit judge, declare DAVID A. SNYDER duly
qualified under the laws of the State of Florida to act as personal representative of the estate of
SYLVIA B. SNYDER, deceased, with full power to administer the estate according to law; to ask,
demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far
as the assets of the estate will permit and the law directs; and to make distribution of the estate according
to law.

        ORDERED on __**MAR  9**__, 2004.

                                                _____
                                                        Circuit Judge

Bar Form No. P-3.0700   35050.1
Florida Lawyers Support Services, Inc.
Reviewed January 1, 2003


EXHIBIT
"B"

IN THE CIRCUIT COURT FOR <u>PALM BEACH</u> COUNTY,
FLORIDA                                PROBATE DIVISION

IN RE: ESTATE OF                File No.502004CP000939XXXXSB

SYLVIA B. SNYDER

                                Division _____ IY

        Deceased.

                        INVENTORY


        The undersigned personal representative of the estate of SYLVIA B. SNYDER, deceased, who

died January 8, 2004, and whose social security number is 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, submits this inventory of all the

property of the estate, EIN _____ (if known), that has come into the hands, possession, control,

or knowledge of this personal representative:

REAL ESTATE IN FLORIDA -- Exempt (Protected) Homestead:

Description

        NONE

REAL ESTATE IN FLORIDA -- Non-Exempt Homestead:

Description                                                          Estimated Fair Market Value

NONE                                                                           $0.00

        *(Whether homestead property is exempt from claims of creditors, whether it is properly*
        *devised and whether it is a probate asset may have to be determined by appropriate*
        *proceedings.)*

OTHER REAL ESTATE IN FLORIDA:

Description                                                          Estimated Fair Market Value

NONE                                                                           $0.00

Total Real Estate in Florida -- Except Exempt (Protected) Homestead            $0.00

PERSONAL PROPERTY WHEREVER LOCATED:

Description                                                          Estimated Fair Market Value

NONE                                                                           $0.00

Total Personal Property -- Wherever Located                                    $0.00

TOTAL OF ALL PERSONAL PROPERTY AND FLORIDA REAL
ESTATE                                                                         $0.00



Bar Form No. P-3.0900    35333.1
° Florida Lawyers Support Services, Inc.
  Reviewed January 1, 2003

Estate of Sylvia B. Snyder
File No.502004CP000939XXXXSB

Legal Description of Real Property Outside of Florida:

The land together with the buildings thereon situated in Falmouth, Barnstable
County, Massachusetts, in that part known as Silver Beach Highlands, bounded as
follows:

On the North by the South line of Crystal Spring Avenue as shown
   on plan hereinafter mentioned 138.75 feet;
On the East by Lot 26 as per Plan 80 feet;
On the Southeast by Lot 60 as per plan 68 feet;
On the South by land of owners unknown as per plan 106.73 feet; and
   on the West by Lot 23 as per Plan 140 feet.

The above described premises are shown as Lots No. 24 and 25 on plan entitled
"Plan of House Lots at Silver Beach Highlands, No. Falmouth," recorded in Barnstable
County Deeds Plan Book 40 Page 33.

Bar Form No. P-3.0900    35333.1
© Florida Lawyers Support Services, Inc.
Reviewed January 1, 2003

All real estate located outside the State of Florida owned by the decedent of which the personal representative is aware, if any, is described on a schedule attached hereto. [If none, so indicate]

SEE ATTACHED SCHEDULE

*NOTICE: Each residuary beneficiary in a testate estate or heir in an intestate estate has the right to request a written explanation of how the inventory value of any asset was determined, including whether the personal representative obtained an independent appraisal for that asset and from whom the appraisal was obtained. Any other beneficiary may request this information regarding all assets distributed to or proposed to be distributed to that beneficiary.*

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true to the best of my knowledge and belief.

Signed on ___April 2___, 2004.

Attorney for Personal Representative:

Personal Representative:

_David A. Snyder_

Jerome L. Wolf

David A. Snyder

Florida Bar No. 399302
BERGER SINGERMAN.
2650 North Military Trail, Suite 240
Boca Raton, FL 33431
Telephone: (561) 241-9500

5706 NW 23rd Terrace
Boca Raton, FL 33496

Bar Form No. P-3.0900    35333.1
° Florida Lawyers Support Services, Inc.
Reviewed January 1, 2003

CIVIL ACTION
COVER SHEET

Case 1:05-cv-11044-RCL    Document 1    Filed 05/18/2005    Page 1 of 1

DOCKET NO.(S)

Trial Court of Massachusetts
Superior Court Department

County: Barnstable

| PLAINTIFF(S) JONATHAN L. SNYDER, both Individually and on behalf of the Estate of Sylvia B. Snyder | DEFENDANT(S) DAVID A. SNYDER |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Kevin J. O'Malley/Thomas J. Wynn WYNN & WYNN, P.C., 90 New State Highway Raynham, MA 02767  *BBO #548685/535860 | ATTORNEY (If known) |

## Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Other | ( F ) | ( X ) Yes     ( X ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.   Total hospital expenses ............................................................. $...........
2.   Total Doctor expenses .............................................................. $...........
3.   Total chiropractic expenses ........................................................ $...........
4.   Total physical therapy expenses ................................................... $...........
5.   Total other expenses (describe) .................................................... $...........
                                                                         Subtotal $ ...........
B.  Documented lost wages and compensation to date .................................... $...........
C.  Documented property damages to date ............................................... $...........
D.  Reasonably anticipated future medical and hospital expenses ........................ $...........
E.  Reasonably anticipated lost wages ................................................. $...........
F.  Other documented items of damages (describe)
                                                                         $ ...........
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

This is a claim for Breach of Fiduciary Duty, Fraud and tortious interference with an expectancy interest.  Damages estimated to exceed $800,000.00
                                                      $800,000.00
                                                      TOTAL $800,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                      TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____          DATE: 4/12/05
                              Kevin J. O'Malley

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Jonathan L. Snyder, both individually
and on behalf of the Estate of
Sylvia B. Snyder

## DEFENDANTS

David A. Snyder

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Barnstable**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas J. Wynn
Kevin J. O'Malley
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA 02767          (508) 823-4567

ATTORNEYS (IF KNOWN)
Mark W. Corner
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA 02108
(617) 523-9000

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 **U.S. Government Plaintiff**

☐ 3 **Federal Question**
(U.S. Government Not a Party)

☒ 2 **U.S. Government Defendant**

☒☒4 **Diversity**
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒☒1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒☒2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) Removal of case on diversity grounds pursuant to 28 U.S.C.
Section 1332.  The Plaintiff alleges breach of fiduciary duty, fraud, conversion and
tortious interference.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 630 Liquor Laws | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | ☐ 640 R.R. & Truck | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 650 Airline Regs | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers' | Injury Product | Safety/Health | ☐ 830 Patent | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | | | ☐ 850 Securities/Commodities/ |
| Student Loans | ☐ 345 Marine Product | ☒☒ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | Exchange |
| (Excl. Veterans) | Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. | ☐ 863 DIWW (405(g)) | ☐ 892 Economic Stabilization |
| ☐ 190 Other Contract | ☐ 360 Other Personal | Product Liability | Relations | ☐ 864 SSID Title XVI | Act |
| ☐ 195 Contract Product Liability | Injury | | ☐ 730 Labor/Mgmt. | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | Reporting & | | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | ☐ 530 Habeas Corpus | ☐ 790 Other Labor | or Defendant) | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 540 Mandamus & Other | Litigation | ☐ 871 IRS – Third Party | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | Security Act | | State Statutes |
| | | | | | ☐ 890 Other Statutory |
| | | | | | Actions |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☒☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
$800,000.00

Check YES only if demanded in complaint:
**JURY DEMAND:**  ☒☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE _____          DOCKET NUMBER _____

DATE  5|18|05

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Jonathan L. Snyder, et al.

   v. David A. Snyder

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   ___ **I.** 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ **II.** 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   XX **III.** 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ **IV.** 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ **V.** 150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).**

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**   YES ☐   NO ☒

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)**   YES ☐   NO ☒
   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**   YES ☐   NO ☐

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?**   YES ☐   NO ☒

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).**   YES ☐   NO ☒
   **OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).**   YES ☐   NO ☒

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?**   YES ☐   NO ☒
   (a) **IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?**

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?** Eastern

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE**
    **CENTRAL SECTION:** YES ☐ NO ☐     **OR WESTERN SECTION:** YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

**ATTORNEY'S NAME** Mark W. Corner, Esquire

**ADDRESS** Riemer & Braunstein LLP
Three Center Plaza
Boston, MA 02108

**TELEPHONE NO.** (617) 523-9000

(Categfrm.rev - 3/97)