UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN L. SNYDER, BOTH INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF SYLVIA B. SNYDER,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID A. SNYDER,<br><br>    Defendant. | CIVIL ACTION NO. 05-11044-RCL |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION, OR IN THE ALTERNATIVE TO TRANSFER VENUE**
**(Oral Argument Requested)**

  Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Defendant, David A. Snyder, moves to dismiss the Complaint in the above-captioned matter due to lack of personal jurisdiction. In the alternative the Defendant moves, pursuant to 28 U.S.C. § 1404(a), that the Court transfer venue of this case from the United States District Court for the District of Massachusetts to the United States District Court for the Southern District of Florida, where the Defendant resides and where the estate as to which he has been appointed personal representative is located.

  As grounds for this Motion, the Defendant states as follows:

  1.  As alleged in the Complaint, the Defendant is a resident of Boca Raton, Florida. He has been appointed personal representative of the estate of his late mother, Sylvia Snyder, formerly a resident of the State of Rhode Island, whose will has been probated in the Probate Division of the Circuit Court for Palm Beach in the State of Florida. Thus, the subject estate is being administered through a Florida State Court by the Defendant, a Florida resident.

2. The Plaintiff, the brother of the Defendant and a resident of Massachusetts, has asserted various claims for money damages against the Defendant in the above-captioned matter, which has been removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

3. In order to exercise personal jurisdiction over a Defendant, the Court must find sufficient contacts between the Defendant and the forum to satisfy both the State's Long Arm Statute and the Due Process Clause of the Fourteenth Amendment. Sawtelle v. Farrell, 70 F.3d 381, 1387 (1st Cir. 1995). On a Motion to Dismiss for Lack of Personal Jurisdiction, the Plaintiff ultimately bears the burden of persuading the Court that jurisdiction exists. Massachusetts School of Law at Andover, Inc. v. American Bar Association, 142 F.3d 26, 34 (1st Cir. 1998).

4. The Plaintiff has alleged no contact between the Defendant and the forum State of Massachusetts. Due process requires the Court to determine whether a Defendant has maintained "certain minimum contacts" with the forum states such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." See, e.g., International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), *quoting from* Milliken v. Meyer, 311 U.S. 457, 463 (1940). Accordingly, "the accepted mode of analysis for questions involving personal jurisdiction concentrates on the quality and quantity of the potential defendants' contracts with the forum." Philips Exeter Academy v. Howard Philips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999). "Jurisdiction is proper…where the contacts proximately result from actions by the Defendant himself and create a substantial connection with the forum state." Asahi Metal Industry Co. Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 109 (1987).

5. Here, there is no assertion of any connection between the Defendant and the Commonwealth of Massachusetts that would subject him to the jurisdiction of this Court. The only relationships to Massachusetts alleged in the Complaint are the residence of the Plaintiff - which has no relevance to the Court's jurisdiction over the Defendant - and the fact that among the assets within the estate subject to administration by the Defendant is a parcel of real estate in Massachusetts. To the extent that the Defendant has committed any actionable conduct with respect to such real estate, remedy is to be sought in the Courts of Florida, where personal jurisdiction is available over the Defendant.

6. In the alternative, this Court has the discretion to transfer this case, without dismissing it, to the United States District Court for the Southern District of Florida, where the Defendant resides. Under 28 U.S.C. 1404(a), a District Court may transfer any civil action to any other district where it may have been brought for the convenience of the parties and witnesses, in the interest of justice. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). The statute places "discretion in the District Court to adjudicate motions for transfer according to an individualized, case by case consideration of convenience and fairness." Stork Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). "Factors to be considered by the District Court in making its determination include the convenience of the parties and witnesses…the availability of documents, and the possibility of consolidation." Cambro Corp. v. Curran-Lavoie, Inc., 814 F. 2d 7, 11 (1st Cir. 1987).

7. The Defendant is subject to the jurisdiction of the Florida courts, and in particular the Florida Probate Court which appointed him personal representative of his mother's estate. Such courts are clearly the better venue in which to address the Plaintiff's claims, to the extent that they were to have some merit. See Consedine v. Consedine, 39 Mass. App. Ct. 65, 68

(1995) ("when the assets of a foreign estate have been converted and are located in Massachusetts, an heir with an interest in the assets may bring an action in Massachusetts [pursuant to G.L. c.230, § 5] <u>without impinging upon the ultimate authority of the domiciliary court to adjudicate the rights of the parties in the estate property.</u>  Such actions buttress the authority of the domiciliary court by assisting in the preservation of the estate property and <u>insure that the judgment of the domiciliary court is honored</u>" [emphasis added]).

WHEREFORE, the Court should dismiss this action for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).  In the alternative, the Court should transfer the venue of this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Florida.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the Defendant David A. Snyder respectfully requests oral argument on this motion.

DAVID A. SNYDER

By his Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated:  June 1, 2005

*/s/Mark W. Corner* _____
Mark W. Corner
BBO #550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

4

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)

I, Mark W. Corner, counsel of record for the Defendant David A. Snyder, hereby certify that on May 20, 2005, I conferred by telephone with Kevin J. O'Malley, counsel to the Plaintiff, in an effort in good faith to resolve or narrow the issue presented in this dispositive motion, as required by Local Rule 7.1(A)(1), and that the parties were unable to resolve the issues raised in this motion.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 1st DAY OF JUNE 2005.**

*/s/ Mark W. Corner*

## CERTIFICATE OF SERVICE

I, Mark W. Corner hereby certify that on this date, June 1, 2005, I caused to be served the foregoing document, by electronic notice, upon the following counsel of record:

Kevin J. O'Malley, BBO #548683
Wynn & Wynn, P.C.
90 New State Highway
Raynham, Massachusetts 02767

*/s/Mark W. Corner*
Mark W. Corner

892660.1