UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN L. SNYDER, BOTH INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF SYLVIA B. SNYDER,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID A. SNYDER,<br><br>        Defendant. | CIVIL ACTION NO. 05-11044-RCL |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM DUE TO LACK OF STANDING
<u>OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT</u>**
**(Oral Argument Requested)**

The Defendant David A. Snyder moves to dismiss the Complaint of the Plaintiff Jonathan L. Snyder, both Individually and on Behalf of the Estate of Sylvia B. Snyder, for failure to state a claim upon which relief may be granted. As grounds for this motion, the Defendant states that the allegations contained in the Plaintiff's Complaint, taken as true, fail to establish the Plaintiff's standing to assert the claims raised against the Defendant in the Complaint. The Plaintiff lacks a common law basis to establish his standing to assert the claims in the Complaint "individually and on behalf of the Estate of Sylvia B. Snyder." The statutory basis for the Plaintiff's claim, pursuant to G.L. c. 230, §5, does not provide him the right to seek relief on claims asserted against the Defendant, the duly appointed personal representative of an estate subject to administration in the State of Florida, under the jurisdiction of a Florida Probate Court. Accordingly, dismissal of this action is proper pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1).

In the alternative, the Defendant moves for a more definite statement, pursuant to Fed. R. Civ. P. 12(e), on the grounds that the allegations asserted in the Complaint, which sound in fraud, do not identify such claims "with particularity," as required by Fed. R. Civ. P. 9(b).

## FACTUAL ASSERTIONS

The following statements contained the Plaintiff's relief are accepted as true for purposes of this motion. See, e.g., Conley v. Gibson, 345 U.S. 41, 45-46 (1957):

a. The Plaintiff and the Defendant are each the sons of the late Sylvia Snyder, whose will is subject to administration in the State of Florida.

b. The Defendant was appointed personal representative of the Estate of Sylvia Snyder by the Probate Division of the Circuit Court for Palm Beach County, in the State of Florida.

c. The Plaintiff asserts that the Defendant has: (i) committed a breach of fiduciary duty owed to the Estate of Sylvia Snyder; (ii) converted assets of the Estate; (iii) committed fraud, in his capacity as personal representative of the Estate; and (iv) tortiously interfered with an expectancy interest.

## ARGUMENT

1. **The Plaintiff lacks standing to assert each of the common law claims asserted against the Defendant.** Standing is an issue of subject matter jurisdiction, and in the absence of standing by the Plaintiff the Court cannot act. See, e.g., Ginther v. Commissioner of Insurance, 427 Mass. 319, 322 (1998); Planning Board of Marshfield v. Zoning Board of Appeals of Pembroke, 427 Mass. 699, 703 (1998). Due to the lack of harm asserted by the Plaintiff himself, as a result of the Defendant's actions, the Plaintiff lacks standing with respect to each of the common law claims asserted in Counts I, II and III of the Complaint.

2. **The Plaintiff has failed to allege a common law basis to assert the claims raised in the Complaint on his own behalf.**

   a. The Plaintiff has not asserted, and cannot assert, that the Defendant owes him any fiduciary duty, such that he may suffer damage as a result of a breach of such duty, as alleged in Count I.  See Bessette v. Bessette, 385 Mass. 806, 809-10 (1982) (no direct cause of action for breach of fiduciary duty will lie in the absence of a direct duty to the plaintiff; correct remedy is a derivative action); see also Schaffer v. Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, P.C., 405 Mass. 506, 512 (1989).

   b. The Plaintiff alleges in Count II that the Defendant has converted property of Sylvia Snyder's estate, yet has not asserted that he himself had possession, or a right of immediate possession, of any property alleged to have been converted by the Defendant, a fundamental element of the tort of conversion.  See, e.g., Massachusetts Lubricant Corp. v. Socony Vacuum Oil Co., 305 Mass. 269, 271 (1940).

   c. In Count III, in which the Plaintiff makes vague allegations of fraud, the Plaintiff asserts that Sylvia Snyder was damaged as a result of her reliance upon the Defendants' false representations - which, as indicated below, are not pleaded "with particularity," as required by Fed. R. Civ. P. 9(b).  As a matter of law, the Plaintiff must allege special damages arising from the Defendant's alleged fraud, which he has failed to do.  See, e.g., Du Bois v. Atlantic Corp., 322 Mass. 512, 520 (1948).

      d.      As to Count IV, the Plaintiff asserts a claim for interference with an expectancy interest. The vague allegation contained in Count IV fail to include appropriate allegations of a claim that may lie in the will of Sylvia Snyder, attached as Exhibit A to the Complaint, which provides in relevant part as follows:

> …I direct my executor within fifteen (15) days after my executor's appointment by a court of competent jurisdiction to offer in writing to my son, [the Plaintiff] Jonathan L. Snyder, if he is living at my death, the opportunity to select either of the following: (a) my real estate located in said Pawtucket [Rhode Island] or (b) my real estate in North Falmouth, Massachusetts.

The Plaintiff failed to allege the <u>only</u> basis for a claim that he might have against the Defendant, that the Defendant failed to offer the subject real estate remaining in the Decedent's estate, to the Plaintiff.

In view of the absence of any common law basis upon which he might recover, the Plaintiff's claims should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) because it is "beyond doubt that the Plaintiff can prove no set of facts to support his claim which would entitle him to relief." <u>Connolly</u>, 335 U.S. at 45-46

    3.    **The Plaintiff lacks a statutory basis for assertion of standing, as would permit him to bring action "on behalf of" the Estate.** The Plaintiff asserts that standing is conferred by virtue of application of G.L. c. 230, §5, despite the lack of personal standing noted above. This statute provides in relevant part as follows:

> It shall be unnecessary to remove an executor or administrator in order that an action to enforce a claim in favor of the estate may be brought by an administrator to be appointed in his place, when he refuses to bring an action at the request of an heir, legatee or creditor, or is unable to do so by reason of his interest or otherwise, but an heir, legatee or creditor having an interest in the enforcement of such a claim may bring a civil action to enforce it for the benefit of the estate in like circumstances and in like

4

> manner as a person beneficially interested in a trust fund may bring an action to enforce a claim in favor of such fund….

A Massachusetts Court may have jurisdiction over a case involving an estate subject to administration by a foreign court pursuant to G.L. c.230, § 5 "where independent grounds exist for the exercise of equity jurisdiction," and "the fact that the fiduciary will be made to account for its administration in a [foreign] court of probate jurisdiction does not deprive an equity court of jurisdiction."  See Kaltsas v. Kaltsas, 22 Mass. App. Ct. 689, 692 (1986).

4. Here, however, the Plaintiff is not seeking to invoke the equitable jurisdiction of the Massachusetts Court, based upon some "independent grounds," to preserve assets of the decedent's estate in Massachusetts.  Rather, the Plaintiff has sought money damages from the Defendant, in an action at law, from a Court in Massachusetts, while the administration of the Estate – and the conduct of the Defendant as the personal representative of the Estate - is subject to the jurisdiction of the Florida Probate Court.  See Consedine v. Consedine, 39 Mass. App. Ct. 65, 68 (1995):

> When the assets of a foreign estate have been converted and are located in Massachusetts, an heir with an interest in the assets may bring an action in Massachusetts without impinging upon the ultimate authority of the domiciliary court to adjudicate the rights of the parties in the estate property.…Such actions buttress the authority of the domiciliary court by assisting in the preservation of the estate property and insure that the judgment of the domiciliary court is honored [emphasis added, internal citations to Kaltsas, 22 Mass. App. Ct. at 692, omitted].

Here, the Plaintiff seeks not to assist the Florida Probate Court (the "domiciliary court") in preserving the assets of the estate, but rather seeks to "impinge upon the ultimate authority of the domiciliary court to adjudicate the rights of the parties in the estate property." Id.  Accordingly, the jurisdiction granted by G.L. c.230, § 5 does not provide the Plaintiff with standing to bring such an action at law here in Massachusetts.  Accordingly the Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1).

5. **The Plaintiff's Complaint requires a more definite statement.** In any event, each of the four counts contained in the Complaint assert, at their essence, that the Defendant has committed fraud or misrepresentation.

    a.    Cases alleging fraud constitute an exception to the general rule that a civil complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see <u>Rodi v. Southern New England School of Law</u>, 389 F.3d 5, 15 (1st Cir 2004); <u>Alternative Systems Concepts, Inc. v. Synopsys, Inc.</u>, 374 F.3d 23, 29 (1st Cir. 2004). That exception, codified in Fed. R. Civ. P. 9(b), requires that fraud be alleged "with particularity." <u>Id.</u> This heightened pleading standard is satisfied by an averment "of the who, what, where, and when of the allegedly false or fraudulent representation." <u>Id.</u>; accord <u>Powers v. Boston Cooper Corp.</u>, 926 F.2d 109, 111 (1st Cir. 1991); <u>McGinty v. Beranger Volkswagen, Inc.</u>, 633 F.2d 226, 228-29 & n.2 (1st Cir. 1980).

    b.    None of the factual elements necessary to sustain a showing of fraud are pleaded by the Plaintiff in the Complaint. Accordingly, to the extent that the Court were to maintain jurisdiction over the case, and not dismiss it due to the lack of standing on the part of the Plaintiff, the Court should require a more definite statement of the Plaintiff's allegations of fraud against the Defendant. <u>See</u> Fed. R. Civ. P. 12(e).

## REQUEST FOR RELIEF

WHEREFORE, the Defendant David A. Snyder respectfully requests that this matter be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1). In the alternative, the Court should order a more definite statement pursuant to Fed. R. Civ. P. 9(b) and 12(c).

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the Defendant David A. Snyder respectfully requests oral argument on this motion.

DAVID A. SNYDER

By his Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: June 1, 2005

/s/ Mark W. Corner
Mark W. Corner
BBO #550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)

I, Mark W. Corner, counsel of record for the Defendant David A. Snyder, hereby certify that on May 20, 2005, I conferred by telephone with Kevin J. O'Malley, counsel to the Plaintiff, in an effort in good faith to resolve or narrow the issue presented in this dispositive motion, as required by Local Rule 7.1(A)(1), and that the parties were unable to resolve the issues raised in this motion.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 1st DAY OF JUNE 2005.**

/s/ Mark W. Corner

## CERTIFICATE OF SERVICE

I, Mark W. Corner hereby certify that on this date, June 1, 2005, I caused to be served the foregoing document, by electronic notice, upon the following counsel of record:

Kevin J. O'Malley, BBO #548683
Wynn & Wynn, P.C.
90 New State Highway
Raynham, Massachusetts 02767

/s/Mark W. Corner
Mark W. Corner

894111.1