# Commonwealth of Massachusetts

BARNSTABLE, ss.

**SUPERIOR COURT**

No.  05-208

I, Nancy N. Weir, Assistant Clerk of the Superior Court within and for said County of

Barnstable, having, by law, the custody of the seal and all the records, books, documents and

papers of, or appertaining to said Court, hereby certify that the papers hereto annexed are true

copies of the papers appertaining to said Court, and on file and of record in the Office of said

Court, relating to the case of JONATHAN L. SNYDER vs. DAVID A. SNYDER,

case #05-208

In witness whereof, I have hereunto set my hand and the

seal of said Court, this thirty-first day of May in the

year of our Lord two thousand five.

*Nancy N. Weir*

Assistant Clerk

**Commonwealth of Massachusetts**
**BARNSTABLE SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# BACV2005-00208
## Snyder v Snyder

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 04/14/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 05/31/2005 | **Session** | A - Civil A- Barnstable Superior Court | | | |
| **Origin** | 1 | **Case Type** | B99 - Misc tort | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 07/13/2005 | **Answer** | 09/11/2005 | **Rule12/19/20** | 09/11/2005 | |
| **Rule 15** | 09/11/2005 | **Discovery** | 02/08/2006 | **Rule 56** | 03/10/2006 | |
| **Final PTC** | 09/09/2006 | **Disposition** | 12/09/2006 | **Jury Trial** | Yes | |

**Plaintiff**
Jonathan L Snyder
18 Crystal Spring Ave
Active 04/14/2005

**Private Counsel 535860**
Thomas J Wynn
Wynn & Wynn
90 New State Highway
Raynham, MA 02767
Phone: 508-823-4567
Fax: 508-822-4097
Active 04/14/2005 Notify

**Private Counsel 548685**
Kevin J O'Malley
Wynn & Wynn
90 New State Highway
Raynham, MA 02767
Phone: 508-823-4567
Fax: 508-822-4097
Active 04/14/2005

**Defendant**
David A Snyder
5706 NW 23rd Terrace
Served: 04/28/2005
Served (answr pending) 05/13/2005

**Private Counsel 550156**
Mark W Corner
Riemer & Braunstein
3 Center Plaza
Boston, MA 02108
Phone: 617-523-9000
Fax: 617-880-3456
Active 05/20/2005 Notify

| Date | Paper | Text |
|---|---|---|
| 04/14/2005 | | Filing fee paid in the amount of $275.00 including $15.00 surcharge and $20.00 security fee. |
| 04/14/2005 | 1.0 | COMPLAINT with jury demand & civil action cover sheet filed |
| 04/14/2005 | | Origin 1, Type B99, Track F. |
| 05/13/2005 | 2.0 | SERVICE: Affidavit of compliance with long-arm statute with proof of service on out of state defendant David A Snyder |
| 05/20/2005 | 3.0 | NOTICE: defendant's of removal to US District Court for the District of Massachusetts |
| 05/31/2005 | | Case REMOVED this date to US District Court of Massachusetts |

MAS-20041213
bireıyka

Case 1:05-cv-11044-RCL   Document 5   Filed 06/07/2005   Page 3 of 27

Commonwealth of Massachusetts
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

05/31/2005
12:35 PM

## BACV2005-00208
## Snyder v. Snyder
### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 05/26/2005 | Civil A- Barnstable Superior Court | Status: administrative <br> told assistant for MWC amount to copy everything | Event held as scheduled |

| CIVIL ACTION COVER SHEET | 05-208 | Trial Court of Massachusetts Superior Court Department County: Barnstable |
|---|---|---|



| | | |
|---|---|---|
| PLAINTIFF(S) JONATHAN L. SNYDER, both Individually and on behalf of the Estate of Sylvia B. Snyder | DEFENDANT(S) DAVID A. SNYDER | SUPERIOR COURT BARNSTABLE SS |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Kevin J. O'Malley/Thomas J. Wynn WYNN & WYNN, P.C., 90 New State Highway Raynham MA 02767 *BBO #548685/535860 | ATTORNEY (if known) | FILED APR 1 4 2005 Scott W. Nickerson Clerk |

**Board of Bar overseer number:**

## Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Other | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine
ey damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses .................................................................. $............
2.  Total Doctor expenses .................................................................... $............
3.  Total chiropractic expenses ............................................................. $............
4.  Total physical therapy expenses ........................................................ $............
5.  Total other expenses (describe) ........................................................ $............

Subtotal $............

B.  Documented lost wages and compensation to date ............................................ $............
C.  Documented property damages to date ...................................................... $............
D.  Reasonably anticipated future medical and hospital expenses ................................ $............
E.  Reasonably anticipated lost wages ........................................................ $............
F.  Other documented items of damages (describe)

$............

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

This is a claim for Breach of Fiduciary Duty, Fraud and tortious interference with
an expectancy interest.  Damages estimated to exceed $800,000.00
$............

TOTAL $ 800,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on
Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute
resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 4/12/05
Kevin J. O'Malley

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

FILED    APR 1 4 2005

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. OS-208

JONATHAN L. SNYDER,       *
both Individually and on behalf of    *
the Estate of Sylvia B. Snyder,     *
               Plaintiff    *
                      *
          vs.              *
                      *
DAVID A. SNYDER,          *
             Defendant   *

**VERIFIED COMPLAINT
AND DEMAND FOR TRIAL BY JURY**

## PARTIES

1.  Plaintiff, Jonathan L. Snyder, is an individual with a residential address of 18 Crystal

    Spring Avenue, North Falmouth, Barnstable County, Massachusetts.

2.  Defendant, David A. Snyder, is an individual with a residential address of 5706 N.W.

    23rd Terrace, Boca Raton, Florida.

## FACTS

3.  Plaintiff, Jonathan L. Snyder and the Defendant, David Snyder, are the sons of the

    now deceased, Sylvia B. Snyder.

4.  In 1985, Sylvia Snyder executed her Last Will and Testament in which she named her

    husband, Abraham Snyder, Executor and her son, David A. Snyder as the Substitute

    Executor, should Abraham Snyder predecease her (see Last Will and Testament of

    Sylvia Snyder attached as Exhibit "A").

5.  Pursuant to her Last Will and Testament, Sylvia Snyder, directed her executor within

    fifteen (15) days of appointment to offer in writing to her son, Jonathan Snyder, the

opportunity to purchase her real estate in Pawtucket, Rhode Island or her real estate located in North Falmouth, Massachusetts.

6.   Pursuant to Sylvia Snyder's Last Will and Testament, her residuary estate was bequeathed to her husband should he survive her or in equal shares to her sons, Jonathan L. Snyder and David A. Snyder, should Abraham predecease her.

7.   Abraham Snyder died in 1993 and, thereafter, Sylvia Snyder executed a Durable Power of Attorney granting the Defendant, David Snyder power to act as her attorney in fact.

8.   In 1999, Sylvia Snyder suffered a stroke which forced her to enter Hillside Rehabilitation Center Providence, Rhode Island, where she resided until her death on January 8, 2004.

9.   From the time Sylvia Snyder entered the nursing home until her death on January 8, 2004, her son, the Defendant, David A. Snyder, managed her business affairs.

10.   Since Sylvia Snyder's execution of a Durable Power of Attorney naming the Defendant, David A. Snyder as her attorney in fact, the Defendant, owed Sylvia Snyder a fiduciary duty of utmost faith and absolute loyalty, and to act solely for the benefit of Sylvia Snyder.

11.   From 1999 to January 8, 2004, the Defendant, David A. Snyder, breached the fiduciary duty owed to Sylvia Snyder by committing conversion of the decedent's funds, committing fraud, and liquidating assets for his own benefit.

2

12.     The Defendant, David A. Snyder, pursuant to the Durable Power of Attorney, paid all
        tax, water, sewer and insurance bills for the property owned by Sylvia Snyder in North
        Falmouth, Massachusetts from 1999 until Sylvia Snyder's death on January 8, 2004.

13.     On March 9, 2004, a Circuit Judge of the Circuit Court for Palm Beach County,
        appointed Defendant, Donald A. Snyder personal representative of the estate of
        Sylvia Snyder pursuant to the 1985 Last Will and Testament (see Appointment
        attached as Exhibit "B").

14.     On or about April 2, 2004, the Defendant, David A, Snyder filed an Inventory with
        the Probate Division of the Circuit Court of Palm Beach County in which the
        Defendant claimed that at the time of Sylvia Snyder's death, the only probate asset
        was the property located in North Falmouth, Massachusetts and the fair market value
        of all real estate and personal property was zero ($0) dollars (see Inventory attached
        as Exhibit "C").

15.     Plaintiff has brought this action pursuant to M. G. L. c.230 section 5, which provides
        the heir of an estate standing upon which to bring a claim on behalf of an estate if the
        executor is unwilling to bring such action because of it is contrary to his own interest.

3

## COUNT I
## (BREACH OF FIDUCIARY DUTY)

### JONATHAN L. SNYDER ON BEHALF OF THE ESTATE OF SYLVIA B. SNYDER V. DAVID A. SNYDER

16.    Plaintiff, Jonathan L. Snyder, repeats and realleges the allegations contained in paragraphs 1 through 15 of his Verified Complaint as if fully set out herein and make them a part of Count I.

17.    Defendant, David A. Snyder, pursuant to the above referenced Durable Power of Attorney owed the decedent, Sylvia Snyder, a fiduciary duty.

18.    By expending funds and liquidating assets for his own benefit, the Defendant, David A. Snyder, violated and breached the fiduciary duty owed to the Sylvia Snyder.

WHEREFORE, Plaintiff demands judgment against the Defendant, David A. Snyder, for a sum sufficient and proper to compensate it for its losses, plus costs, interests and expenses of this action to be determined to be reasonable by this Court with jury.

## COUNT II
## (CONVERSION)

### JONATHAN L. SNYDER ON BEHALF OF THE ESTATE OF SYLVIA B. SNYDER V. DAVID A. SNYDER

19.    Plaintiff, Jonathan L. Snyder, repeats and realleges the allegations contained in paragraphs 1 through 18 of his Verified Complaint as if fully set out herein and make them a part of Count II.

4

20. Defendant, David A. Snyder, intentionally and wrongfully exercised acts of ownership over the property of Sylvia Snyder while acting as her attorney in fact by treating the property as his own.

21. Defendant, David A. Snyder, had no right to the possession of Sylvia Snyder's property while acting as her attorney in fact.

WHEREFORE, Plaintiff demands judgment against the Defendant, David A. Snyder, for a sum sufficient and proper to compensate it for its losses, plus costs, interests and expenses of this action to be determined to be reasonable by this Court with jury.

## COUNT III
## (FRAUD)

### JONATHAN L. SNYDER ON BEHALF OF THE ESTATE OF SYLVIA B. SNYDER V. DAVID A. SNYDER

22. Plaintiff, Jonathan L. Snyder, repeats and realleges the allegations contained in paragraphs 1 through 21 of his Verified Complaint as if fully set out herein and make them a part of Count III

23. Defendant, David A. Snyder, made material misrepresentations, which he knew or believed were false, to Sylvia Snyder regarding his actions as his attorney in fact, with the intent of converting Sylvia Snyder's property.

24. Defendant, David A. Snyder, made material misrepresentations with the intent to induce Sylvia Snyder, to act in reliance on said misrepresentations.

5

25.     The decedent, Sylvia Snyder, justifiably relied on the Defendant's misrepresentations
        that he was acted solely in her best interest as her attorney in fact and such reliance
        caused the decedent to suffer damages.

        WHEREFORE, Plaintiff demands judgment against the Defendant, David A. Snyder,
for a sum sufficient and proper to compensate it for its losses, plus costs, interests and
expenses of this action to be determined to be reasonable by this Court with jury.

## COUNT IV
## (TORTUOUS INTERFERENCE WITH AN EXPECTANCY INTEREST)

### JONATHAN L. SNYDER V. DAVID A. SNYDER

26.     Plaintiff, Jonathan L. Snyder., repeats all allegations contained in paragraphs 1
        through 25 of his Verified Complaint as if fully set out herein and make them a part
        of Count IV..

27.     Plaintiff, Jonathan L. Snyder, had a legally protected interest in one half of the
        residuary estate of Sylvia Snyder as exemplified by her will executed in 1995.

28.     Defendant, David A. Snyder, by expending funds and liquidating assets of Sylvia
        Snyder for his own benefit, intentionally interfered with the Plaintiff's expectancy
        interest in an unlawful way.

29.     Defendant, David A. Snyder, had control over Sylvia Snyder's assets pursuant to the
        executed Durable Power of Attorney up until the time of Sylvia's death.

30.     As a result of the Defendant's intentional interference with the Plaintiff's expectancy
        interest, the Plaintiff has suffered damages.

6

WHEREFORE, Plaintiff demands judgment against the Defendant, David A. Snyder,

for a sum sufficient and proper to compensate it for its losses, plus costs, interests and

expenses of this action to be determined to be reasonable by this Court with jury.

**THE PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted for the
Plaintiff

By his attorneys,

WYNN & WYNN, P.C.

Thomas J. Wynn, BBO# 535860
Kevin J. O'Malley, BBO #548685
90 New State Highway
Raynham, MA 02767
(508) 823-4567

## VERIFICATION

I, Jonathan L. Snyder, certify that I have read this Verified Complaint and that the
allegations contained herein are true to the best of my knowledge and, with response to the
allegations made on information and belief, I certify that I believe that such allegations are
true.

Signed under the pains and penalties of perjury this 11th day of April, 2005.

Jonathan L. Snyder

7

Case 1:05-cv-b1044e00CL12:Document 556.102 Filed 06/07/2005    Page 12 of 27
OR BK 16658 PG 1369
Palm Beach County, Florida
Dorothy H Wilken, Clerk of Court

50 **2004CP** 000939 XXXX53

4210

I, SYLVIA B. SNYDER, of Pawtucket, Rhode Island, declare
this to be my will and revoke all previous wills and codicils.

FIRST:  DEBTS, EXPENSES, TAXES.  My debts and the expenses
of my last illness and funeral and of settling my estate (in
all jurisdictions) shall be paid from my estate.  All estate
taxes (except those on account of any property held in any
trust I did not establish) shall be paid from my estate in the
same manner as my debts.

SECOND:  REAL ESTATE.  1.  If my husband, Abraham H. Snyder
(hereinafter "my husband"), is not living at my death, I direct
my executor within fifteen (15) days after my executor's
appointment by a court of competent jurisdiction to offer in
writing to my son, Jonathan L. Snyder, if he is living at my
death, the opportunity to select either of the following:  (a)
my real estate located in said Pawtucket or (b) my real estate
in North Falmouth, Massachusetts.  In the event that I own only
one of said parcels of real estate at my death, said offer
shall apply to the parcel that I own.

2.  If my son, Jonathan L. Snyder, shall accept said offer
(such acceptance to be made by an instrument in writing
delivered to my executor within sixty [60] days after delivery
of said offer), I authorize and direct my executor to convey
the real estate selected by my son, Jonathan L. Snyder, to him
and to convey the other said real estate (if I own both of said
parcels of real estate at my death) to my son, David A. Snyder,
if he is then living.  The value of any real estate conveyed to
either of my sons shall be deemed to be a part of the residue
of my estate and a part of the share therein distributable to
such son at their value in the state estate tax proceedings
relating to my estate.

Sylvia B. Snyder



3.  If my son, Jonathan L. Snyder, shall not accept said offer, I direct my executor to sell all my interest in all said real estate for such price and upon such terms as my executor shall deem best, and no purchaser of said real estate shall be required to inquire whether an offer pursuant to the provisions hereof shall have been made, accepted or declined, but shall be entitled to rely entirely upon the exercise by my executor of the power of sale hereinafter conferred.  Neither of my sons shall be deemed to have any legal or equitable interest in said real estate.  The net proceeds of any sale shall be added to the residue of my estate.

THIRD:  TANGIBLES.  I give all my tangible personal property to my husband, or if he is not living at my death, in equal shares to such of my sons, David A. Snyder and Jonathan L. Snyder (hereinafter "my sons"), as are then living.

FOURTH:  RESIDUE.  I give all the residue of my estate, real and personal, to my husband, or if he is not living at my death, in equal shares to such of my sons as are then living, provided, that if there are issue then living of a deceased son of mine, the share to which such son would have been entitled if then living shall be distributed per stirpes to such issue.

FIFTH:  POWERS OF EXECUTOR.  I empower my executor:

1.  To appoint specific or general proxies and to place stock in voting trusts.

2.  To participate in or disapprove any reorganization, recapitalization, consolidation, merger, winding up or readjustment of the indebtedness of any corporation or association.

3.  To compromise or submit to arbitration any matters in dispute.

4.  To sell assets at public or private sale, for cash or on credit, together or in parcels; and to sell real estate even though there may be personal property which might be sold.

5.  To invest and reinvest assets.



-2-

6. To execute all deeds, mortgages and other documents to carry out any of the foregoing powers.

SIXTH: DEFINITIONS.

1. The term "estate taxes" refers to any federal, state or foreign estate, inheritance or like taxes on account of any property included in my gross estate in the final determination of such taxes.

2. The term "my tangible personal property" refers to my personal effects, jewelry, books, household furniture, furnishings and effects, automobiles and all other tangible personal property which I own at my death but does not include money, securities or the like.

3. The term "my executor" refers to my executor, any alternate executor and any administrator with this will annexed.

4. The term "residue" does not refer to or include any property, real or personal, over which I shall have power of appointment.

5. The term "give" means devise and/or bequeath and, unless otherwise specified in this will, shall transfer all of my interest in the property given.

6. Whenever herein a distribution is directed to be made per stirpes to the issue at the time living of any person then deceased, such distribution shall be made to the then living children of such person and to the then living issue of any such child who shall then have died, such children to take in equal shares and such issue through all degrees to take per stirpes the share or respective shares which his, her or their parent or respective parents would have taken if then living.

SEVENTH: EXECUTOR. I appoint my husband executor of this will; or if he fails or ceases to serve, I appoint my son, David A. Snyder, executor. No executor shall be required to furnish any bond or surety.

IN TESTIMONY WHEREOF, I have to this will written on three pages set my hand on ⎰uly 5 , 1985.

Sylvia B. Snyder

Sylvia B. Snyder declared this instrument to be her will and signed it in our presence and we have at her request signed

-3-

our names as witnesses in her presence and in the presence of each other.

_Barry A. Hittner_ Residing at _121 Hazard Ave_
                                      _Providence RI_
_Nancy Fisher Chudacoff_ Residing at _84 Cole Avenue_
                                      _Providence, RI_

-4-

STATE OF RHODE ISLAND

COUNTY OF PROVIDENCE

In Providence on    *July 5*  , 1985, then and there
personally appeared the undersigned, who, being duly sworn,
depose and say:  that they witnessed the execution of the will
of Sylvia B. Snyder dated    *July 5*  , 1985; that the
signature to the will is in the handwriting of the testator;
that said testator so subscribed said will and declared the
same to be her last will and testament in their presence; that
they thereafter subscribed the same as witnesses in the
presence of said testator and in the presence of each other;
that at the time of the execution of said will the testator
appeared to be of sound mind and twenty-one (21) years of age
or over; and that the signatures of the witnesses on said will
are genuine.

*Barry H. Hattrre*

*Henry Fish Chidaroff*

Subscribed and sworn to before me on the day and date first
above written.

*Kathleen J. Domingos*
Notary Public

**KATHLEEN J. DOMINGOS**
**My Commission Expires June 30, 1988**

4210

03/11/2004  11:50:26  20040136010
OR BK 16658 PG 0863
Palm Beach County, Florida
Dorothy H Wilken, Clerk of Court

IN THE CIRCUIT COURT FOR <u>PALM BEACH</u> COUNTY,
FLORIDA                           PROBATE DIVISION

IN RE: ESTATE OF             File No.  502004CP000939XXXXSB

SYLVIA B. SNYDER

        Division  IY

    Deceased.

LETTERS OF ADMINISTRATION
(single personal representative)

TO ALL WHOM IT MAY CONCERN

    WHEREAS, SYLVIA B. SNYDER, a resident of 5706 NW 23rd Terrace, Boca Raton, FL 33496 died on January 8, 2004, owning assets in the State of Florida, and

    WHEREAS, DAVID A. SNYDER has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

    NOW, THEREFORE, I, the undersigned circuit judge, declare DAVID A. SNYDER duly qualified under the laws of the State of Florida to act as personal representative of the estate of SYLVIA B. SNYDER, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

    ORDERED on __**MAR  9**__, 2004.

                     _____

                     Circuit Judge

Bar Form No. P-3.0700    35050.1
Florida Lawyers Support Services, Inc.
Reviewed January 1, 2003

Book16658/Page863



EXHIBIT
"B"

Page 1 of 1

IN THE CIRCUIT COURT FOR PALM BEACH COUNTY,
FLORIDA                            PROBATE DIVISION

IN RE: ESTATE OF          File No.502004CP000939XXXXSB

SYLVIA B. SNYDER

                          Division _____ IY

        Deceased.

                INVENTORY

The undersigned personal representative of the estate of SYLVIA B. SNYDER, deceased, who died January 8, 2004, and whose social security number is 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, submits this inventory of all the property of the estate, EIN _____ (if known), that has come into the hands, possession, control, or knowledge of this personal representative:

REAL ESTATE IN FLORIDA -- Exempt (Protected) Homestead:

Description

        NONE

REAL ESTATE IN FLORIDA -- Non-Exempt Homestead:

Description                                                      Estimated Fair Market Value

NONE                                                                    $0.00

*(Whether homestead property is exempt from claims of creditors, whether it is properly devised and whether it is a probate asset may have to be determined by appropriate proceedings.)*

OTHER REAL ESTATE IN FLORIDA:

Description                                                      Estimated Fair Market Value

NONE                                                                    $0.00

Total Real Estate in Florida -- Except Exempt (Protected) Homestead              $0.00

PERSONAL PROPERTY WHEREVER LOCATED:

Description                                                      Estimated Fair Market Value

NONE                                                                    $0.00

Total Personal Property -- Wherever Located                                      $0.00

TOTAL OF ALL PERSONAL PROPERTY AND FLORIDA REAL
ESTATE                                                                  $0.00

Bar Form No. P-3.0900   35333.1
° Florida Lawyers Support Services, Inc.
   Reviewed January 1, 2003

EXHIBIT
C

Estate of Sylvia B. Snyder
File No.502004CP000939XXXXSB

Legal Description of Real Property Outside of Florida:

The land together with the buildings thereon situated in Falmouth, Barnstable County, Massachusetts, in that part known as Silver Beach Highlands, bounded as follows:

On the North by the South line of Crystal Spring Avenue as shown
on plan hereinafter mentioned 138.75 feet;
On the East by Lot 26 as per Plan 80 feet;
On the Southeast by Lot 60 as per plan 68 feet;
On the South by land of owners unknown as per plan 106.73 feet; and
on the West by Lot 23 as per Plan 140 feet.

The above described premises are shown as Lots No. 24 and 25 on plan entitled "Plan of House Lots at Silver Beach Highlands, No. Falmouth," recorded in Barnstable County Deeds Plan Book 40 Page 33.

All real estate located outside the State of Florida owned by the decedent of which the personal representative is aware, if any, is described on a schedule attached hereto. [If none, so indicate]

SEE ATTACHED SCHEDULE

*NOTICE: Each residuary beneficiary in a testate estate or heir in an intestate estate has the right to request a written explanation of how the inventory value of any asset was determined, including whether the personal representative obtained an independent appraisal for that asset and from whom the appraisal was obtained. Any other beneficiary may request this information regarding all assets distributed to or proposed to be distributed to that beneficiary.*

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true to the best of my knowledge and belief.

Signed on _____April  2_____, 2004.

Attorney for Personal Representative:                Personal Representative:

Jerome L. Wolf                                        David A. Snyder

Florida Bar No. 399302                               5706 NW 23rd Terrace
BERGER SINGERMAN                                     Boca Raton, FL 33496
2650 North Military Trail, Suite 240
Boca Raton, FL 33431
Telephone: (561) 241-9500

Bar Form No. P-3.0900   35333.1
© Florida Lawyers Support Services, Inc.
Reviewed January 1, 2003

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: CONTRACT   TORT
MOTOR VEHICLE TORT   EQUITABLE RELIEF   OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
No. 05-208

JONATHAN L. SNYDER, both individually
and on behalf of the Estate of Sylvia
B. Snyder
VS.

DAVID A. SNYDER



SUPERIOR COURT
BARNSTABLE SS

FILED   MAY 1 3 2005

Scott W. Nickerson Clerk

## SUMMONS

To the above-named defendant :   David A. Snyder

You are hereby summoned and required to serve upon ........Thomas J. Wynn/Kevin J.

O'Malley ........................................................................................................ plaintiff's attorney, whose address is

Wynn & Wynn, P.C., 90 New State Highway, Raynham, MA  02767 an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Witness,**   BARBARA J. ROUSE   **Esquire,** at Barnstable, the ........20th........................

day of ......April......................................., in the year of our Lord two thousand and ....five....................

Scott W. Nickerson   Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JONATHAN L. SNYDER, BOTH
INDIVIDUALLY AND ON BEHALF OF
THE ESTATE OF SYLVIA B. SNYDER,

        Plaintiff,

v.

DAVID A. SNYDER,

        Defendant.

05 1044 RCL

CIVIL ACTION NO.

SUPERIOR COURT
BARNSTABLE SS

FILED    MAY 2 0 2005

_____ Clerk

I hereby certify on 5/18/05 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on ___
☒ original filed in my office on ___ 5-18-05
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By:_____ Deputy Clerk

**NOTICE OF REMOVAL**

    Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant, David A. Snyder, hereby

removes the matter entitled <u>Jonathan L. Snyder, Both Individually and on Behalf of the Estate of</u>

<u>Sylvia B. Snyder v. David A. Snyder</u>, Barnstable Superior Court, Civil Action No. 05-208, to the

United States District Court for the District of Massachusetts. In support of such removal, the

Defendant states as follows:

    1.    This action was commenced in Barnstable Superior Court on or about April 12,

2005, by which the Plaintiff, Jonathan L. Snyder, both individually and on behalf of the Estate of

Sylvia B. Snyder, alleges claims against the Defendant, David A. Snyder, for breach of fiduciary

duty, conversion, fraud, tortuous interference with an expectancy interest. A true and correct

copy of the Verified Complaint and Demand for Trial by Jury, along with all other documents

served upon the Defendant, is attached as Exhibit A.

    2.    As alleged in the Complaint, the Plaintiff is an individual residing in North

Falmouth, Massachusetts. The Defendant is alleged to be an individual residing at 5706 N.W.

23rd Terrace, Boca Raton, Florida. Accordingly, there is complete diversity of citizenship between the Plaintiff and Defendant, as defined in 28 U.S.C. § 1332.

3.    The amount of damages alleged in the Civil Action Cover Sheet filed with the Barnstable Superior Court is $800,000.00, which exceeds the jurisdictional amount in controversy of $75,000.00 set forth in 28 U.S.C. § 1332.

4.    The Defendant received a copy of the Summons and Complaint by certified mail, return receipt requested, on or about April 28, 2005. This Notice of Removal is being filed within thirty days of the Defendant's receipt of such process, and accordingly is timely under 28 U.S.C. § 1446(b).

5.    The United States District Court for the District of Massachusetts embraces the place in which this action is currently pending. Written notice of the filing of this Notice of Removal will be served upon the Plaintiff, and will be filed in Barnstable Superior Court, as required by 28 U.S.C. § 1446(d).

6.    By filing this Notice of Removal, the Defendant does not waive any defense that may be available to him, including, but not limited to, the right to challenge personal jurisdiction, and does not concede that the allegations in the Complaint states a valid claim under applicable law.

2

7.      Pursuant to Local Rule 81.1(a), the Defendant shall request from the Clerk of the

Barnstable Superior Court certified or attested copies of all records and proceedings in such

Court, and certified or attested copies of all docket entries therein, including a copy of this

Notice of Removal, and will file the same with this Court within thirty days after the filing of

this Notice of Removal.

DAVID A. SNYDER

By his Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: May 18, 2005

Mark W. Corner
BBO #550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

892422.1

I, Mark W. Corner, hereby certify that a true copy of the
above document was served upon the attorney of record
for each other party by mail-hand on _5/18/05_ .

Mark W. Corner

# EXHIBIT A

# Wynn & Wynn, P.C.

### • ATTORNEYS •

90 New State Highway
Raynham, MA 02767
(508) 823-4567
Fax (508) 822-4097
1 (800) 852-5211
http://www.wynnwynn.com

April 20, 2005

Elizabeth K. Balaschak
William E. Enright, Jr.
Thomas M. Grimmer
Richard A. Mattone
Kevin P. McRoy
Robert F. Mills
Charles D. Mulcahy
John J. O'Day, Jr.
Kevin J. O'Malley
Thomas E. Pontes
Michael J. Princi
Rebecca C. Richardson
Janice E. Robbins
William Ross*
Louis V. Sorgi, Jr.
Dina M. Swanson
Robert Venturo
John A. Walsh
Paul F. Wynn
Thomas J. Wynn

_Of Counsel_
Hon. Robert L. Steadman (Ret.)
Thomas A. Maddigan
Hon. James F. McGillen, II (Ret.)
Hon. James J. Nixon (Ret.)

Admitted:
*Massachusetts and Rhode Island

David A. Snyder
5706 N.W. 23rd Terrace
Boca Raton, FL 33496

Re:   Jonathan L. Snyder, both individually as on behalf
      of the Estate of Sylvia B. Snyder
Vs:   David A. Snyder

Dear Mr. Snyder:

Enclosed please find a copy of Summons together with plaintiff's Verified Complaint and Demand for Trial by Jury, Civil Action Cover Sheet and Tracking Order which has been filed in the Barnstable Superior Court, 3195 Main Street, Barnstable. Massachusetts relative to the above-referenced matter.

Your Answer to the plaintiff's Verified Complaint and Demand for Trial by Jury should be filed with the Barnstable Superior Court within twenty (20) from receipt of the same.

Very truly yours,

WYNN & WYNN, P.C.

Kevin J. O'Malley

KJO/adm
Enclosures

CERTIFIED MAIL NO. 7002 2030 0003 2707 2577
RETURN RECEIPT REQUESTED

cc:   Mr. Jonathan L. Snyder

Affiliate Office: Hyannis 300 Barnstable Road • Hyannis, MA 02601 • (508) 775-3665

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05-208

---

JONATHAN L. SNYDER, BOTH
INDIVIDUALLY AND ON BEHALF OF
THE ESTATE OF SYLVIA B. SNYDER,

Plaintiff,

v.

DAVID A. SNYDER,

Defendant.

---

**NOTICE OF FILING NOTICE OF
REMOVAL**

Please take notice that a Notice of Removal of the above-captioned action from the

Superior Court of the Commonwealth of Massachusetts, County of Barnstable, to the United

States District Court for the District of Massachusetts, a copy of which is annexed hereto, along

with copies of the pertinent papers served in the underlying action, were duly filed in the office

of the Clerk of the United States District Court for the District of Massachusetts on May 18,

2005.

DAVID A. SNYDER

By his Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: May 19, 2005

Mark W. Corner
BBO #550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

I, Mark W. Corner, hereby certify that a true copy of the
above document was served upon the attorney of record
892434.1   for each other party by mail hand on  5/19/05  .

Mark W. Corner