UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JONATHAN L. SNYDER,                           *
both Individually and on behalf of            *
the Estate of Sylvia B. Snyder,               *
                          Plaintiff           *          CIVIL ACTION NO. 05-11044-RCL
                                              *
            vs.                               *
                                              *
DAVID A. SNYDER,                              *
                          Defendant           *

PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
OR IN THE ALTERNATIVE TO TRANSFER VENUE

I.     INTRODUCTION:

       The Plaintiff, Jonathan L. Snyder, both Individually and on behalf of the Estate of Sylvia B.

Snyder, hereby opposes the Defendant's Motion to Dismiss for lack of personal jurisdiction, or in

the alternative to transfer venue.    In support of this Opposition, the Plaintiff will show that this

Court has jurisdiction over the Defendant, David A. Snyder, pursuant to M.G.L. c. 199A § 9. The

Plaintiff will further show that the Defendant has failed to meet his burden of proof in his Motion

to Transfer Venue. Therefore, the Defendant's Motion must be denied.

FACTS

       The Plaintiff, Jonathan L. Snyder, and the Defendant, David A. Snyder, are the sons of the

now deceased Sylvia B. Snyder (see Defendant's Motion).  In 1985, Sylvia Snyder executed her Last

Will and Testament in which she named her husband, Abraham Snyder, Executor and her son, David

A. Snyder, as the Substitute Executor, should Abraham Snyder predecease her (see Last Will and

Testament of Sylvia Snyder attached as Exhibit "A").

In 1993, Abraham Snyder died and, thereafter, Sylvia Snyder executed a Durable Power of Attorney granting the Defendant, David A. Snyder, power to act as her attorney in fact.  In 1999, Sylvia Snyder suffered a stroke which forced her to enter Hillside Rehabilitation Center in Providence, Rhode Island, where she resided until her death on January 8, 2004  (see Death Certificate of Sylvia B. Snyder attached as Exhibit "B").  From the time Sylvia B. Snyder entered the nursing home until her death on January 8, 2004, her son, the Defendant, David A. Snyder, managed her business affairs pursuant to a Durable Power of Attorney.   Sylvia B. Snyder died on January 8, 2004.

On March 9, 2004, a Circuit Judge of the Circuit Court for Palm Beach County appointed the Defendant, David A. Snyder, personal representative of the estate of Sylvia Snyder pursuant to the 1985 Last Will and Testament (see Appointment attached as Exhibit "C").   On or about April 23, 2004, the Defendant, David A. Snyder, filed a petition for Allowance of a Foreign Will in the Barnstable Division of the Probate and Family Court  (see Petition attached hereto as Exhibit "D"). On or about June 7, 2004, the Register of Probate for the Barnstable County Probate Court issued a Notice of Petition for Appointment of David A. Snyder as Executor of Foreign Will (see Notice attached hereto as Exhibit "E").   The Defendant, David A. Snyder filed an Inventory with the Probate Division of the Circuit Court of Palm Beach County on April 2, 2004  in which the only probate asset listed for the Estate of Sylvia B. Snyder was the property located in North Falmouth, Massachusetts (see Inventory attached as Exhibit "F").

On or about April 13, 2005, the Plaintiff, Jonathan L. Snyder, filed a Verified Complaint in Barnstable Superior Court alleging Four Counts against the Defendant (see Verified Complaint). On or about May 18, 2005, the Defendant, David A. Snyder filed a Notice of Removal pursuant to

28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship (see Notice of Removal). The Defendant has now moved to dismiss the Plaintiff's Verified Complaint for lack of personal jurisdiction or in the alternative for a transfer of venue. The Plaintiff hereby opposes this Motion.

ARGUMENT

I.    THE COMMONWEALTH OF MASSACHUSETTS MAY EXERCISE PERSONAL JURISDICTION OVER THE DEFENDANT, DAVID A. SNYDER, BECAUSE SYLVIA B. SNYDER WAS SUBJECT TO PERSONAL JURISDICTION IN MASSACHUSETTS PRIOR TO HER DEATH AND THEREFORE, HER PERSONAL REPRESENTATIVE IS SUBJECT TO THE SAME JURISDICTION PURSUANT TO M.G.L.c 199A § 9.

In general, a foreign executor is not subject to suit in the Commonwealth of Massachusetts in the absence of statute. Saporita v. Litner, 371 Mass. 607, 614 358 N.E.2d 809 (1976). However, there are exceptions to this rule when the decedent left assets in the forum state. Id. Furthermore, Massachusetts Courts will exercise personal jurisdiction over an executor where the Court would have personal jurisdiction over the testatrix during her lifetime. Id. at 618, 358 N.E. 2d at 815; M.G.L.c. 199A § 9 (1990). "A foreign personal representative shall be subject to the jurisdiction of the courts of the Commonwealth to the same extent his decedent was immediately prior to death." M.G.L.c. 199A § 9 (1990). Pursuant to M.G.l. c. 223A § 3(e), a court may exercise personal jurisdiction over a person, having an interest in, using or possessing real property in the commonwealth. "Person" is defined by statute as an "individual, his executor, administrator or other personal representative . . . " M.G.L. c. 223A § 1.

In the case of Nile v. Nile, the Plaintiff brought suit individually and as administrator of his father's estate against the foreign trustees of his father, Arthur Nile's, revocable inter vivos trust to enforce the terms of a settlement agreement. 432 Mass. 390, 734 N.E.2d 1153 (2000). The Defendants appealed a Superior Court ruling granting summary judgment on behalf of the Plaintiff,

3

claiming the court erred by exercising personal jurisdiction over the New Hampshire residents because our long arm statute does not authorize jurisdiction over foreign trustees. Id. The Supreme Judicial Court of Massachusetts affirmed the Superior Court decision because prior to his death, Arthur Nile's primary asset, A.W. Nile, Inc., was located in Massachusetts. Id. The Court held that since Arthur Nile had substantial and sufficient contacts with Massachusetts such that personal jurisdiction could be exercised over him, his personal representatives were also subject to personal jurisdiction in the Commonwealth. Id. The Court further explained "[I]t is immaterial that Nile's successor trustees had no contacts with Massachusetts. Nile had the requisite contact, so jurisdiction extends to his trustees as his personal representatives." Id. at 396.

At the time of her death, Sylvia B. Snyder purportedly had only one asset, her North Falmouth property which was bequeathed to the Plaintiff in her Last Will and Testament. Pursuant to M.G.l. c. 223A § 3(e), a court may exercise personal jurisdiction over a person, having an interest in, using or possessing real property in the commonwealth. Therefore, Sylvia B. Snyder prior to her death would have been subject to the jurisdiction of this Court. Sylvia B. Snyder like Arthur Nile in the case of Nile v. Nile, had sufficient contacts with the forum state to justify the exercise of personal jurisdiction. Therefore, the Defendant as her executor is subject to the jurisdiction of the courts of the Commonwealth to the same extent pursuant to M.G.L.c. 199A § 9. Therefore, the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction must be denied.

II.    THE DEFENDANT'S MOTION TO TRANSFER VENUE MUST BE DENIED BECAUSE THE DEFENDANT HAS NOT STATED SUFFICIENT FACTS TO OVERCOME THE PRESUMPTION OF THE PLAINTIFF'S CHOICE OF FORUM.

Although the case at bar could have been brought in either the United District Court for the District of Massachusetts or in the United States District Court for the Southern District of Florida,

4

the Defendant in his Motion to transfer venue has failed to meet his burden of proving that the balance of inconvenience of this venue weighs heavily in his favor or his burden of proof as to the convenience of witnesses to appear in Florida.   Therefore, the Plaintiff asks that this Court deny the Defendant's motion to transfer venue.

Pursuant to 28 U.S.C. § 1404, a district court may, in the interest of justice and for the convenience of parties and witnesses, transfer any civil action to any other district or division where it may have been brought.  Pursuant to 28 U.S.C. § 1391

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship, may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . .

Whether venue should be transferred pursuant to 28 U.S.C. 1404(a) is a decision within the court's discretion and requires "an 'individualized, case-by-case consideration of convenience and fairness.'" Blinzler v. Marriott International, Inc. 857 F.Supp 1, 3 (D.R.I.1994) (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239 (1988)).  The Defendant seeking transfer to a more convenient venue bears the burden of proving that the transfer is warranted and that the existing forum is inconvenient.  Nowak, 94 F.3d at 719; also see Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991).   "A presumption in favor of the Plaintiff's choice of forum exists, and the burden of proving the transfer is warranted rests with the

5

Defendant." See Fairview Machine & Tool Co., Inc. v.Oakbrook International Inc., 56 F.Supp.2d 134, 141 (D.Mass. 1999).   A Plaintiff's choice of forum is entitled to great weight and should only be disturbed in exceptional circumstances.  Blinzler, 857 F.Supp at 3.  The Plaintiff should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which establish such "oppressiveness and vexation to a Defendant as to be out of all proportion to the Plaintiff's convenience . . ."   Nowak v. Tak How Invs. Ltd, 94 F.3d 708, 720 (1st Cir. 1996) (quoting, Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524, 67 S. Ct. 828, 91 L.Ed. 1067 (1947)).  "In order to overturn the Plaintiff's choice of form, the party seeking transfer bears a heavy burden of establishing a strong balance of inconvenience."  Residex Corp. v. Farrow, 374 F. Supp. 715, 717 (E.D.Pa.1974).  Transfer of venue is inappropriate where it will merely shift inconvenience from the Defendant to the Plaintiff.  Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F.Supp.2d 12, 16 (D.Mass.2002).  Unless the balance of inconvenience weighs heavily in the Defendant's favor, the Plaintiff's choice of form must prevail.  Blinzler, 857 F.Supp at 3 citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).

The factors this Court must consider in deciding the Defendant's motion include, the convenience of the parties and witnesses, the availability of documents and the interests of justice. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000).   The Defendant bears the burden of establishing that the proposed venue is more convenient for parties and witnesses.  Houk v. Kimberly-Clark Corp. 613 F.Supp. 923, 928 (W.D.Mo. 1985).  The convenience of witnesses is one of the most important factors. Id.  "When a party seeks the transfer on account of the convenience of witnesses under §§ 1404(a) he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."  Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d

215, 218 (2d Cir.1978), cert. denied, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

The Defendant must also show that the transfer of venue will serve the interests of justice. Elbalah v. Republic Insurance Company, 879 F. Supp 3 (1ˢᵗ Cir.1995) citing Boothroyd Dewhurst, Inc. v. Board of Trustees of Leland Stanford Junior University, 1993 WL 385713, *6 (D.R.I.1993): U.S. Fidelity and Guar. v. Republic Drug, 800 F. Supp 1076, 1079 (E.D.N.Y.1992); McDeveitt & Steet Co. v. Fidelity & Deposit Co., 737 F. Supp. 351, 353 (W.D.N.C.1990); Levinger v. Matthew Stuart & Co. Inc., 676 F. Supp. 437 (D.R.I.1988).  In determining the convenience of another forum the Court should consider a number of private factors including "(1) the availability of compulsory process to compel attendance of available witnesses; (2) the cost of attendance of willing witnesses; (3) the relative ease of access to sources of proof; (4) the ease of the view of premises, if such a view would be appropriate to the action, and (5) all other practical problems that make trial of a case easy expeditious and inexpensive."  Gulf Oil Co., v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed.1055 (1947).  The Court must also consider public factors such as "the interest of having the trial of a diversity case in a forum that is at home with the law that must govern the action." Id. at 508.

The Defendant has not overcome the presumption in favor of the Plaintiff's choice of forum. The Defendant in his Motion to transfer this action merely states that the Florida Courts are the better venue to address the Plaintiff's Complaint because the Defendant is subject to the jurisdiction of these courts and he was appointed personal representative of his mother's estate in Florida Probate Court (See Defendant's Motion).  However, this argument is moot because the Plaintiff has clearly met his burden of establishing that the Defendant is also subject to personal jurisdiction in Massachusetts.  The Defendant pursuant to case law is required to establish in his Motion that the

7

Plaintiff's choice of forum is so oppressive to the Defendant and that the inconvenience to the Defendant of litigating this case in Massachusetts far outweighs the inconvenience to the Plaintiff of litigating this matter in Florida.

Not only has the Defendant failed to prove the balance of inconvenience of this forum weighs heavily in his favor, the Defendant has failed to prove that the Southern District of Florida is a more convenient venue for the witnesses to this action.  In his motion to transfer, the Defendant has failed to the provide this Court with the names of  key witnesses or to offer a  general statement of their expected testimony as required by <u>Factors Etc., Inc. v. Pro Arts, Inc.</u>.  Therefore, this Court has no way of determining whether or not this forum is inconvenient for the witnesses to this action because the Defendant has not met his burden by providing that necessary information to the Court.  The Defendant has failed to provide this information to the Court because all the witnesses to this action reside in Massachusetts and this information would be damaging to the Defendant's Motion.

The Defendant has also failed to show that the transfer of venue to the Southern District of Florida would serve the interests of justice.  All witnesses to this action are in Massachusetts except for the Defendant and therefore, are only subject to the subpoena power of this Court.  Furthermore, any witnesses willing to voluntarily attend these proceedings would be greatly inconvenienced by the cost and inconvenience of travel to Florida.  Also, the property which is a focal point of this case is located in North Falmouth, Massachusetts.  Therefore, it is far easier to view these premises from a Massachusetts venue than from a Florida Court.  It is also more convenient to access documents relevant to this property from a Massachusetts venue since all documents would be recorded in the Barnstable Registry if Deeds.  Lastly, this Court must consider the interest of this forum in hearing a diversity action in which Massachusetts law would be applied.  The Plaintiff has asserted

8

Massachusetts tort claims against the Defendant and therefore, Massachusetts law would be applied to this case. This Court obviously has a better grasp of the law that will govern this action than a court in the Southern District of Florida.

The Defendant has failed to meet his burden of proving that not only is the Plaintiff's chosen forum oppressively inconvenient, but that the forum he has suggested is more convenient for both the parties and the witnesses to this action. The Defendant has also failed to address that the property which is a substantial portion of this case is located within this forum. Since the Defendant has failed to meet his burden of proving the transfer of venue in this case is warranted, the Defendant's Motion to transfer must be denied.

CONCLUSION

The Defendant's Motion to Dismiss for lack of personal jurisdiction because this Court clearly has jurisdiction over the Defendant pursuant to M.G.L.c.199A § 9. This Court must also deny the Defendant's request to transfer the venue of this action to the Southern District of Florida because the Defendant has failed to meet his burden of proving that the balance of inconvenience weighs heavily in his favor or that the Florida venue would be more convenient for witnesses. The

Defendant has also failed to establish that a transfer of venue would be in the interest of justice.

Therefore, the Defendant's Motion to transfer must also be denied.

> Respectfully submitted for the
> Plaintiff
>
> By his attorneys,
>
> WYNN & WYNN, P.C.
>
>
> /s/ Kevin J. O'Malley
> Thomas J. Wynn, BBO# 535860
> Kevin J. O'Malley, BBO #548685
> 90 New State Highway
> Raynham, MA 02767
> (508) 823-4567

## CERTIFICATE OF SERVICE

I, Kevin J. O'Malley, hereby certify that on this date, June 29, 2005, I caused to be served the foregoing documents, by electronic notice, upon the following Counsel of record:

Mark W. Corner
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA 02108

> /s/ Kevin J. O'Malley
> Kevin J. O'Malley

10

03/11/2004  12:07:23  20040136102
OR BK 16658 PG 1369
Palm Beach County, Florida
Dorothy H Wilken, Clerk of Court

4210

50 2004 CP 000939 XXXX5B

I, SYLVIA B. SNYDER, of Pawtucket, Rhode Island, declare this to be my will and revoke all previous wills and codicils.

FIRST: <u>DEBTS, EXPENSES, TAXES</u>.  My debts and the expenses of my last illness and funeral and of settling my estate (in all jurisdictions) shall be paid from my estate.  All estate taxes (except those on account of any property held in any trust I did not establish) shall be paid from my estate in the same manner as my debts.

SECOND: <u>REAL ESTATE</u>.  1.  If my husband, Abraham H. Snyder (hereinafter "my husband"), is not living at my death, I direct my executor within fifteen (15) days after my executor's appointment by a court of competent jurisdiction to offer in writing to my son, Jonathan L. Snyder, if he is living at my death, the opportunity to select either of the following:  (a) my real estate located in said Pawtucket or (b) my real estate in North Falmouth, Massachusetts.  In the event that I own only one of said parcels of real estate at my death, said offer shall apply to the parcel that I own.

2.  If my son, Jonathan L. Snyder, shall accept said offer (such acceptance to be made by an instrument in writing delivered to my executor within sixty [60] days after delivery of said offer), I authorize and direct my executor to convey the real estate selected by my son, Jonathan L. Snyder, to him and to convey the other said real estate (if I own both of said parcels of real estate at my death) to my son, David A. Snyder, if he is then living.  The value of any real estate conveyed to either of my sons shall be deemed to be a part of the residue of my estate and a part of the share therein distributable to such son at their value in the state estate tax proceedings relating to my estate.

Sylvia B. Snyder

3.  If my son, Jonathan L. Snyder, shall not accept said offer, I direct my executor to sell all my interest in all said real estate for such price and upon such terms as my executor shall deem best, and no purchaser of said real estate shall be required to inquire whether an offer pursuant to the provisions hereof shall have been made, accepted or declined, but shall be entitled to rely entirely upon the exercise by my executor of the power of sale hereinafter conferred.  Neither of my sons shall be deemed to have any legal or equitable interest in said real estate.  The net proceeds of any sale shall be added to the residue of my estate.

THIRD:  TANGIBLES.  I give all my tangible personal property to my husband, or if he is not living at my death, in equal shares to such of my sons, David A. Snyder and Jonathan L. Snyder (hereinafter "my sons"), as are then living.

FOURTH:  RESIDUE.  I give all the residue of my estate, real and personal, to my husband, or if he is not living at my death, in equal shares to such of my sons as are then living, provided, that if there are issue then living of a deceased son of mine, the share to which such son would have been entitled if then living shall be distributed per stirpes to such issue.

FIFTH:  POWERS OF EXECUTOR.  I empower my executor:

1.  To appoint specific or general proxies and to place stock in voting trusts.

2.  To participate in or disapprove any reorganization, recapitalization, consolidation, merger, winding up or read-justment of the indebtedness of any corporation or association.

3.  To compromise or submit to arbitration any matters in dispute.

4.  To sell assets at public or private sale, for cash or on credit, together or in parcels; and to sell real estate even though there may be personal property which might be sold.

5.  To invest and reinvest assets.

*Sylvia B. Snyder*

-2-

6.  To execute all deeds, mortgages and other documents to carry out any of the foregoing powers.

SIXTH:  DEFINITIONS.

1.  The term "estate taxes" refers to any federal, state or foreign estate, inheritance or like taxes on account of any property included in my gross estate in the final determination of such taxes.

2.  The term "my tangible personal property" refers to my personal effects, jewelry, books, household furniture, furnishings and effects, automobiles and all other tangible personal property which I own at my death but does not include money, securities or the like.

3.  The term "my executor" refers to my executor, any alternate executor and any administrator with this will annexed.

4.  The term "residue" does not refer to or include any property, real or personal, over which I shall have power of appointment.

5.  The term "give" means devise and/or bequeath and, unless otherwise specified in this will, shall transfer all of my interest in the property given.

6.  Whenever herein a distribution is directed to be made per stirpes to the issue at the time living of any person then deceased, such distribution shall be made to the then living children of such person and to the then living issue of any such child who shall then have died, such children to take in equal shares and such issue through all degrees to take per stirpes the share or respective shares which his, her or their parent or respective parents would have taken if then living.

SEVENTH:  EXECUTOR.  I appoint my husband executor of this will; or if he fails or ceases to serve, I appoint my son, David A. Snyder, executor.  No executor shall be required to furnish any bond or surety.

IN TESTIMONY WHEREOF, I have to this will written on three pages set my hand on July 5, 1985.

_____     Sylvia B. Snyder


Sylvia B. Snyder declared this instrument to be her will and signed it in our presence and we have at her request signed

-3-

our names as witnesses in her presence and in the presence of
each other.

_Barry A Arthur_        Residing at  121 Hazard Ave
                                    Providence RI

_Nancy Fisher Chodaroff_   Residing at  84 Cole Avenue
                                    Providence, RI

-4-

STATE OF RHODE ISLAND

COUNTY OF PROVIDENCE

    In Providence on _July 5_ , 1985, then and there
personally appeared the undersigned, who, being duly sworn,
depose and say:  that they witnessed the execution of the will
of Sylvia B. Snyder dated _July 5_ , 1985; that the
signature to the will is in the handwriting of the testator;
that said testator so subscribed said will and declared the
same to be her last will and testament in their presence; that
they thereafter subscribed the same as witnesses in the
presence of said testator and in the presence of each other;
that at the time of the execution of said will the testator
appeared to be of sound mind and twenty-one (21) years of age
or over; and that the signatures of the witnesses on said will
are genuine.

    _Barry H. Hittner_

    _Nancy Fisher Chudacoff_

    Subscribed and sworn to before me on the day and date first
above written.

    _Kathleen J. Domingos_
    Notary Public

    **KATHLEEN J. DOMINGOS**
    **My Commission Expires June 30, 1988**

STATE OF FLORIDA
COUNTY OF PALM BEACH

IN RE:  ESTATE OF:

CASE NUMBER: *50 2004 CP 000939 XXXX SB*

*Sylvia B. Snyder*                    , Dec'd

I, **SHARON R. BOCK**, Clerk of the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, do hereby certify that the above and foregoing **is** a true and correct **COPY**.

Letters  _X_  ARE  ____  ARE NOT in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and seal of said Court at West Palm Beach, Florida, this _25th_ day of
*January, 2005* .

SHARON R BOCK
Clerk of Circuit Court

BY: _____
       Deputy Clerk

STATE OF FLORIDA
COUNTY OF PALM BEACH

I, **GARY L. VONHOF**, Judge of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, DO HEREBY CERTIFY that **SHARON R BOCK**, whose name is subscribed to the foregoing certificate and attestation, in the duly appointed and qualified Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, and that the seal thereto affixed is the genuine seal of the said Court, and that the said certificate and attestation are in due form and made by the proper officer, and that full faith and credit are due and ought to be given to all of the official acts of said Clerk, as well in courts of judicature as elsewhere.

IN TESTIMONY WHEREOF, I have hereunto set my hand at West Palm Beach, Palm Beach County, Florida, this_25th_ day of
*January, 2005*.

_____
Judge of the Circuit Court of Palm Beach County, Florida

STATE OF FLORIDA
COUNTY OF PALM BEACH

I, **SHARON R BOCK**, Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, DO HEREBY CERTIFY that the Honorable **GARY L. VONHOF** is Judge of the Circuit Court of Palm Beach County, Florida, duly commissioned, qualified and acting, and that the signature to the foregoing certificate and attestation is genuine and in his own proper handwriting, and that full faith and credit are due and ought to be given to all of his official acts as well in courts of judicature as elsewhere.

IN TESTIMONY WHEREOF, I have hereunto set my and the seal of said court at West Palm Beach, Palm Beach County, Florida, this
_25th_ day of *January, 2005*.

SHARON R  BOCK
Clerk of the Circuit Court

BY: _____
       Deputy Clerk



# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
RHODE ISLAND DEPARTMENT OF HEALTH
## CERTIFICATE OF DEATH

PHYSICIANS MUST COMPLETE SHADED AREAS ONLY. FUNERAL HOME MUST COMPLETE UNSHADED AREAS.

Brief Instructions On Reverse Side.

TYPE OR PRINT IN BLACK INK

LOCAL FILE NUMBER          STATE FILE NUMBER

**DECEDENT**

| DECEASED — FIRST NAME | MIDDLE | LAST | SEX | DATE OF DEATH (Month, day, year) |
|---|---|---|---|---|
| 1. Sylvia | | Snyder | 2. Female | 3. 1/8/04 |

| HOSPITAL OR OTHER INSTITUTION — NAME (If not in either, give street and number) | | CITY, TOWN OR LOCATION OF DEATH |
|---|---|---|
| 4a. Rhode Island Hospital | | 4b. Providence |

| AGE — LAST BIRTHDAY (Years) | UNDER 1 YEAR MOS. / DAYS | UNDER 1 DAY HOURS / MIN. | DATE OF BIRTH (Month, day, year) | BIRTHPLACE (City and State or Foreign Country) | WAS DECEDENT EVER IN U.S. ARMED FORCES? (Specify Yes or No) NAME WAR |
|---|---|---|---|---|---|
| 5a. 86 | 5b. | 5c. | 6. Oct 1, 1917 | 7. Central Falls, RI | 8. No |

| RACE — Am. Indian, Black, White, etc. (Specify) | ETHNIC ORIGIN — Cuban, Mexican, P. Rican, Hmong, Laotian, etc. (Specify) | MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (Specify) | SPOUSE (If wife, give maiden name) |
|---|---|---|---|
| 9a. White | 9b. American | 10. Widowed | 11. Abraham Snyder |

| SOCIAL SECURITY NUMBER | USUAL OCCUPATION (Give kind of work done during most of working life. Do NOT use retired) | KIND OF BUSINESS OR INDUSTRY |
|---|---|---|
| 12. 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 | 13a. Teacher | 13b. Education |

| RESIDENCE ADDRESS (House number, street name) | CITY OR TOWN OF RESIDENCE, STATE & ZIP CODE |
|---|---|
| 14a. 99 Hillside Avenue | 14b. Providence, RI 02906 |

MAILING ADDRESS — If different from residence address in item above (P.O. Box, RR, City/Town or Village, State, Zip Code)
15.

**PARENTS**

| FATHER — FIRST NAME | MIDDLE | LAST | MOTHER — FIRST NAME | MIDDLE | MAIDEN NAME |
|---|---|---|---|---|---|
| 16. Hyman | | Berger | 17. Yetta | | Singer |

| INFORMANT — NAME | MAILING ADDRESS (Street or R.F.D. Number, City or Town, State, Zip Code) |
|---|---|
| 18a. David Snyder | 18b. 5706 NW 23rd Terrace, Boca Raton, FL 33496 |

**DISPOSITION**

| BURIAL, CREMATION, DONATION, OTHER (Specify) | PLACE OF DISPOSITION (Name of cemetery, crematory, or other place) | CITY OR TOWN | STATE |
|---|---|---|---|
| 19a. Burial | 19b. Swan Point Cemetery | Providence | RI |

| SIGNATURE OF FUNERAL HOME LICENSEE | FUNERAL HOME — NAME | FUNERAL HOME/DIR. LICENSE NUMBER |
|---|---|---|
| 20a. Jill E. Sugar | 20b. Sugarman – Sinai Memorial Chapel | 20c. 88 |

| ITEMS BELOW TO BE COMPLETED BY CERTIFYING PHYSICIAN ONLY | FUNERAL HOME ADDRESS (Street or R.F.D. Number, City or Town, State, Zip Code) |
|---|---|
| | 20d. 458 Hope Street, Providence, RI 02906 |

**CERTIFIER**

| To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated | DEGREE OR TITLE | RI LICENSE NUMBER | DATE SIGNED (Month, day, year) |
|---|---|---|---|
| 21a. (Signature) M Buchalter/Buchalter | 21b. MD | 21b. LR 22729 | 21c. 1/8/04 |

| NAME OF CERTIFIER (Type or print) | IF HOSP. OR INST. Indicate DOA, OP/Emer, Rm., Inpatient (Specify) | HOUR OF DEATH (If unknown, so state) |
|---|---|---|
| 22. Matthew L. Buchalter, MD | 23. Inpatient | 24. 3:00 am |

| ADDRESS OF CERTIFIER (Street or R.F.D. Number, City or Town, State, Zip Code) | WAS DEATH REFERRED TO MEDICAL EXAMINER? (Specify Yes or No) |
|---|---|
| 25. Rhode Island Hospital, 593 Eddy St., Providence, RI | 26. no |

| NAME AND ADDRESS OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (1...1... P...ng) | LENGTH OF ATTENDANCE (Specify) Mo., day, yr. |
|---|---|
| 27. Dr. Kevin Dushay | 27. 5 days |

**REGISTRAR**

| REGISTRAR | FILE DATE — DATE RECEIVED BY REGISTRAR (Month, day, yr.) |
|---|---|
| 28a. (Signature) | 28b. JAN 13 2004 |

**CAUSE OF DEATH**

29. PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure.

*See Instructions on Other Side*

| | | Approximate Interval Between Onset and Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) → | a. Cardiac Arrhythmia | < minutes |
| Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST | b. DUE TO (OR AS A CONSEQUENCE OF): Atrial Fibrillation | 1 month |
| | c. DUE TO (OR AS A CONSEQUENCE OF): Interstitial Lung Disease | 1½ years |
| | d. DUE TO (OR AS A CONSEQUENCE OF): | |

| PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I. | AUTOPSY (Yes or No) 30a. no | If yes, were findings considered in determining cause of death? 30b. |
|---|---|---|

| ACCIDENT (Specify Yes or No) 31a. no | DATE OF INJURY (Mo., day, yr.) 31b. | HOUR OF INJURY 31c. | DESCRIBE HOW INJURY OCCURRED 31d. |
|---|---|---|---|

| INJURY AT WORK (Specify Yes or No) 31e. | PLACE OF INJURY — At home, farm, street, factory, office building, etc. (Specify) 31f. | LOCATION 31g. | STREET OR R.F.D. NUMBER | CITY OR TOWN | STATE |
|---|---|---|---|---|---|

VS-2 Rev. 1-88

R.I. Law requires Funeral Director to file this certificate with the City or Town Clerk at the Place of Death within 7 days.

I hereby certify that this a true and exact copy of the document officially registered and placed on file in the issuing office.

Issuing Office: **City Registrar Providence**

Date of Issuance: **JAN 13 2004**

02021400

Signature of Registrar _____

THIS COPY VALID ONLY IF ISSUED ON PAPER WITH ENGRAVED BORDER DISPLAYING RAISED SEAL AND SIGNATURE OF STATE OR LOCAL REGISTRAR.

VS-81

American BankNote Company          ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

NAME OF DECEDENT Snyder, Sylvia
FOR USE BY PHYSICIAN OR INSTITUTION ONLY

IN THE CIRCUIT COURT FOR <u>PALM BEACH</u> COUNTY,
FLORIDA                    PROBATE DIVISION

IN RE: ESTATE OF          File No. 502004CP000939XXXXSB

SYLVIA B. SNYDER
                          Division     IY
          Deceased.

LETTERS OF ADMINISTRATION
(single personal representative)

TO ALL WHOM IT MAY CONCERN

    WHEREAS, SYLVIA B. SNYDER, a resident of 5706 NW 23rd Terrace, Boca Raton, FL 33496 died on January 8, 2004, owning assets in the State of Florida, and

    WHEREAS, DAVID A. SNYDER has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

    NOW, THEREFORE, I, the undersigned circuit judge, declare DAVID A. SNYDER duly qualified under the laws of the State of Florida to act as personal representative of the estate of SYLVIA B. SNYDER, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

ORDERED on _____MAR 9_____, 2004.

_____
Circuit Judge

STATE OF FLORIDA • PALM BEACH COUNT
I hereby certify that the foregoing is a
true copy as filed in my office and
the same is in full force and effect.
This ___ day of _____ 20__
DOROTHY H. WILKEN
CLERK OF CIRCUIT COURT
BY _____
Deputy Clerk • Probate Division

Bar Form No. P-3.0700    35050.1
© Florida Lawyers Support Services, Inc.
Reviewed January 1, 2003

IN THE CIRCUIT COURT FOR <u>PALM BEACH</u> COUNTY,
FLORIDA                              PROBATE DIVISION

IN RE: ESTATE OF              File No. 502004CP000939XXXXSB

SYLVIA B. SNYDER
                                      Division      IY
            Deceased.

ORDER ADMITTING WILL TO PROBATE
AND APPOINTING PERSONAL REPRESENTATIVE
(single)

The instrument presented to this court as the last will of SYLVIA B. SNYDER, deceased, having

been established by the oath of BARRY G. HITTNER, a subscribing and attesting witness, as being the

last will of the decedent, and no objection having been made to its probate, and the court finding that the

decedent died on January 8, 2004, and that DAVID A. SNYDER is entitled and qualified to be personal

representative, it is

ADJUDGED that the will dated July 5, 1985, and attested by BARRY G. HITTNER and

NANCY FISHER CHUDEROFF as subscribing and attesting witnesses, is admitted to probate according

to law as the last will of the decedent, and it is further

ADJUDGED that DAVID A. SNYDER is appointed personal representative of the estate of the

decedent, and that upon taking the prescribed oath, filing designation and acceptance of resident agent,

and entering into bond in the sum of $_____—0—_____, letters

of administration shall be issued.

ORDERED on ___MAR 9 2004___.

_____
                                      Circuit Judge

**Commonwealth of Massachusetts**
**The Trial Court**

Barnstable **Division**          **Probate and Family Court Department**     Docket No. __04P0776FE−1__

## Allowance of Foreign Will

Name of Decedent __Sylvia B. Snyder__

Domicile at Death __5706 NW 23rd Terrace__          __Boca Raton,__      __Palm Beach__     __33496__
　　　　　　　　　(Street and No.)　　　　　　　　　　　　　(City or Town)　　　(County)　　(zip)

Date of Death __January 8, 2004__

Will Allowed ____March 9, 2004____          __Ciruit Court for Palm Beach__     __Florida__
　　　　　　　　(Date)　　　　　　　　　　　　　(Court)　　　　　　　　　　(State)

Copy of will and of probate duly authenticated filed herewith, Locus of Property in Massachusetts
__18 Crystal Spring Avenue, North Falmouth, Barnstable County, Massachusetts 02556-2601__
　　　　　　　　　　　　　　　　　　　　(County)

Name and address of Petitioner(s)　__David A. Snyder, 5706 NW 23rd Terrace, Boca Raton, FL 33496__

_____ Status __Son and Named Sucessor Executor__

### Heirs at law or next of kin of deceased including surviving spouse:

| Name | Residence (minor and incompetents must be so designated) | Relationship |
|---|---|---|
| David A. Snyder | 5706 NW 23rd Terrace, Boca Raton, FL 33496 | Son |
| Jonathan Snyder | 18 Crystal Spring Avenue, No. Falmouth, MA 02556 | Son |

[X] The petitioner(s) hereby certif ~~ies~~ _ies_ that a copy of this document, along with a copy of the decedent's death certificate has been sent by __certified mail__ to the **Division of Medical Assistance, P.O. Box 15205, Worcester, Massachusetts 01615-9906.**

Petitioner(s) pray(s) that the copy of said will be filed and recorded in the Registry of Probate for the County of __Barnstable__ _____and that he/she/they be appointed execut _or_ ~~/administrat.~~ - with the will annexed -, thereof, ~~with~~/without surety on his/~~her/their~~ bond(s) and certif _ies_ under the penalties of perjury that the foregoing statements are true to the best of his/~~her/their~~ knowledge and belief.

Date __4/23/04__ _____      Signature(s) _David A Snyder_
　　　　　　　　　　　　　　　　　　　　　　　　　　David A. Snyder

The undersigned hereby assent to the petition.

_____　　　　　_____

_____　　　　　_____

_____　　　　　_____

### DECREE

Public notice having been given according to the law and it appearing that there is estate in said County of __Barnstable__ _____on which said will may operate; and that the original will has been proved in the State of __Florida__ _____ according to the law of said State and ought to be allowed in this Commonwealth as the last will and testament of said deceased; it is therefore ordered that the copy of said will be filed and recorded in said Registry and that __David A. Snyder__ of __Boca Raton in the State of Florida__ _____ ~~xxinxthexCountyxofxx~~ _____ be appointed execut _or_ ~~/administratxxxxxxxxwithx~~ ~~xthexwithxannexexdx~~ therefore, first giving bond, with __out__ sureties for the due performance of said trust.

Date _____

Commonwealth of Massachusetts
The Trial Court
Probate and Family Court Department

BARNSTABLE Division

Docket No. 04P0776FE1

In the Estate Of SYLVIA B. SNYDER

Late of BOCA RATON
In the State of FLORIDA
Date of Death January 8, 2004

## NOTICE OF PETITION FOR APPOINTMENT OF EXECUTOR OF FOREIGN WILL

To all persons interested in the above captioned estate, a petition has been presented with certain papers purporting to be a copy of the last will of said deceased and of the probate thereof in said State of FLORIDA duly authenticated there by, **CIRCUIT COURT FOR PALM BEACH** praying that the copy of said will may be filed and recorded in the Registry of Probate of the county of BARNSTABLE, and that DAVID A. SNYDER  of BOCA RATON in the STATE OF FLORIDA be appointed executor thereof, to serve without surety.

IF YOU DESIRE TO OBJECT THERETO, YOU OR YOUR ATTORNEY MUST FILE A WRITTEN APPEARANCE IN SAID COURT AT BARNSTABLE ON OR BEFORE TEN O'CLOCK IN THE FORENOON (10:00 AM) ON **JULY 21, 2004**.

In addition you must file a written affidavit of objections to the petition, stating specific facts and grounds upon which the objection is based, within thirty (30) days after the return day (or such other time as the court, on motion with notice to the petitioner, may allow) in accordance with Probate Rule 16.

WITNESS, HON. ROBERT E. TERRY, ESQUIRE, First Justice of said Court at BARNSTABLE this day, June 7, 2004.

*Frederic P. Clausen*

Register of Probate

## ORDER OF NOTICE

It is ordered that notice of said proceeding be given by publishing a copy thereof in CAPE COD TIMES, a newspaper published in BARNSTABLE (HYANNIS): publication to be **30 days** at least before said return day. It is further ordered that notice thereof be given by delivering or mailing by registered or certified mail a copy thereof to the United States Department of Veterans' Affairs, if interested, **fourteen days** at least before said return day.

WITNESS, HON. ROBERT E. TERRY, ESQUIRE, First Justice of said Court, this day, June 7, 2004.

*Frederic P. Clausen*

Register of Probate

## RETURN OF SERVICE

I hereby certify under the penalties of perjury that:

I have complied with the order of notice by:

[ ] serving in hand a copy of the citation as ordered.

[ ] mailing - certified - registered - postpaid - a copy of the citation as ordered.

[ ] causing the citation to be published in CAPE COD TIMES, a newspaper published in BARNSTABLE (HYANNIS).

[] all other interested persons have assented and received actual notice.

Publication was on _____ which was at least _____ days/month(s) before said return day.

Date: _____   Signature: _____



IN THE CIRCUIT COURT FOR <u>PALM BEACH</u> COUNTY, FLORIDA

PROBATE DIVISION

IN RE: ESTATE OF                    File No. <u>502004CP000939XXXXSB</u>

SYLVIA B. SNYDER

Division _____<u>IY</u>

        Deceased.

INVENTORY

The undersigned personal representative of the estate of SYLVIA B. SNYDER, deceased, who died January 8, 2004, and whose social security number is 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, submits this inventory of all the property of the estate, EIN _____ (if known), that has come into the hands, possession, control, or knowledge of this personal representative:

REAL ESTATE IN FLORIDA -- Exempt (Protected) Homestead:

Description

        NONE

REAL ESTATE IN FLORIDA -- Non-Exempt Homestead:

| Description | Estimated Fair Market Value |
|---|---|
| NONE | $0.00 |

*(Whether homestead property is exempt from claims of creditors, whether it is properly devised and whether it is a probate asset may have to be determined by appropriate proceedings.)*

OTHER REAL ESTATE IN FLORIDA:

| Description | Estimated Fair Market Value |
|---|---|
| NONE | $0.00 |
| Total Real Estate in Florida -- Except Exempt (Protected) Homestead | $0.00 |

PERSONAL PROPERTY WHEREVER LOCATED:

| Description | Estimated Fair Market Value |
|---|---|
| NONE | $0.00 |
| Total Personal Property -- Wherever Located | $0.00 |
| TOTAL OF ALL PERSONAL PROPERTY AND FLORIDA REAL ESTATE | $0.00 |

Bar Form No. P-3.0900    35333.1
© Florida Lawyers Support Services, Inc.
    Reviewed January 1, 2003

Estate of Sylvia B. Snyder
File No.502004CP000939XXXXSB

Legal Description of Real Property Outside of Florida:

        The land together with the buildings thereon situated in Falmouth, Barnstable County, Massachusetts, in that part known as Silver Beach Highlands, bounded as follows:

        On the North by the South line of Crystal Spring Avenue as shown
                on plan hereinafter mentioned 138.75 feet;
        On the East by Lot 26 as per Plan 80 feet;
        On the Southeast by Lot 60 as per plan 68 feet;
        On the South by land of owners unknown as per plan 106.73 feet; and
                on the West by Lot 23 as per Plan 140 feet.

        The above described premises are shown as Lots No. 24 and 25 on plan entitled "Plan of House Lots at Silver Beach Highlands, No. Falmouth," recorded in Barnstable County Deeds Plan Book 40 Page 33.

All real estate located outside the State of Florida owned by the decedent of which the personal representative is aware, if any, is described on a schedule attached hereto.  [If none, so indicate]

SEE ATTACHED SCHEDULE

*NOTICE: Each residuary beneficiary in a testate estate or heir in an intestate estate has the right to request a written explanation of how the inventory value of any asset was determined, including whether the personal representative obtained an independent appraisal for that asset and from whom the appraisal was obtained. Any other beneficiary may request this information regarding all assets distributed to or proposed to be distributed to that beneficiary.*

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true to the best of my knowledge and belief.

Signed on ___April 2___, 2004.

Attorney for Personal Representative:

_____
Jerome L. Wolf

Florida Bar No. 399302
BERGER SINGERMAN
2650 North Military Trail, Suite 240
Boca Raton, FL 33431
Telephone: (561) 241-9500

Personal Representative:

_____
David A. Snyder

5706 NW 23rd Terrace
Boca Raton, FL 33496