UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN L. SNYDER, | * | |
| both Individually and on behalf of | * | |
| the Estate of Sylvia B. Snyder, | * | |
| Plaintiff | * | CIVIL ACTION NO. 05-11044-RCL |
| | * | |
| vs. | * | |
| | * | |
| DAVID A. SNYDER, | * | |
| Defendant | * | |

PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM DUE TO LACK OF STANDING
OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

I.    INTRODUCTION:

The Plaintiff, Jonathan L. Snyder, both Individually and on behalf of the Estate of Sylvia B.

Snyder, hereby opposes the Defendant's Motion to Dismiss for Failure to State a Claim Due to Lack

of Standing or in the Alternative for a More Definite Statement.  In support of this Opposition, the

Plaintiff will show that he, on behalf of the estate of Sylvia B. Snyder, has standing to assert the

claims identified in his Verified Complaint as Counts I, II, and III  pursuant to M.G.L. c. 230 § 5.

Furthermore, the Plaintiff with show that he, individually, has standing to assert Count IV of his

Verified Complaint against the Defendant, David Snyder, because the Defendant intentionally

interfered with the Plaintiff's expectancy interest.

This is quite a simple case.  The Plaintiff believes, and therefore alleges, that his mother had

significant financial and other personal assets at the time of her incapacitating stroke as well as a

continuing significant pension.  It is beyond question that the Defendant, through a Durable Power

of Attorney, controlled the decedent's personal and other financial assets from the time of her

incapacitating stroke in 1999 though her death on January 8, 2005.

The simple allegation in the Complaint is that the Defendant wrongfully and fraudulently dissipated the decedent's assets during the time he acted as her sole agent through the Durable Power of Attorney. The best evidence of this wrongdoing is that the decedent had substantial personal and other financial assets in 1999 and that the Defendant, as Executor of the Estate in Florida, reports on the Inventory that there are <u>no</u> remaining personal and/or financial assets! At the same time, the Defendant, both personally and in his capacity as Executor of the Estate in Florida, has failed and refused to offer any information, let alone a full Accounting, of what he did with his mother's assets from 1999 through 2004. He has offered no Tax Returns, no Bank Statements, no Investment Statements, nothing! In addition, the attorney handling the Probate Estate in Florida has insisted on a full personal Release for the Defendant (not just in his capacity as Executor of the Estate) before the Estate will give the Plaintiff, Jonathan L. Snyder, what he is unquestionably entitled to under his mother's Will (ie. a Deed to the Falmouth property).

The Plaintiff, on behalf of the Estate, seeks to recover <u>for</u> <u>the</u> <u>Estate</u>, the monies wrongfully dissipated by the Defendant. Under Counts I, II and III of the Verified Complaint, any recovery <u>must</u> go back into the Estate for distribution pursuant to the Will.

What the Defendant essentially says is that he is the only one who has any Standing to bring any claims yet he obviously will not bring any claims and he refuses to account for his actions from 1999 to 2004.

The Motion to Dismiss must be denied.

-2-

FACTS

The Plaintiff, Jonathan L. Snyder and the Defendant, David A. Snyder are the sons of the now deceased Sylvia B. Snyder (see Defendant's Motion). In 1985, Sylvia Snyder executed her Last Will and Testament in which she named her husband, Abraham Snyder, Executor and her son, David A. Snyder as the Substitute Executor, should Abraham Snyder predecease her (see Last Will and Testament of Sylvia Snyder attached as Exhibit "A").

In 1993, Abraham Snyder died and, thereafter, Sylvia Snyder executed a Durable Power of Attorney granting the Defendant, David A. Snyder, power to act as her attorney in fact. In 1999, Sylvia Snyder suffered a stroke which forced her to enter Hillside Rehabilitation Center in Providence, Rhode Island, where she resided until her death on January 8, 2004 (see Death Certificate of Sylvia B. Snyder attached as Exhibit "B"). From the time Sylvia B. Snyder entered the nursing home until her death on January 8, 2004, her son, the Defendant, David A. Snyder, managed her business affairs pursuant to a Durable Power of Attorney. Sylvia B. Snyder died on January 8, 2004. Pursuant to her Last Will and Testament, Sylvia Snyder directed her executor within fifteen (15) days of appointment to offer in writing to her son, Jonathan Snyder, the opportunity to purchase her real estate in Pawtucket, Rhode Island or her real estate located in North Falmouth, Massachusetts (See Exhibit "A"). The residuary of Sylvia B. Snyder's estate was to pass to her two sons, David and Jonathan upon her death (See Exhibit "A").

On March 9, 2004, a Circuit Judge of the Circuit Court for Palm Beach County appointed the Defendant, David A. Snyder personal representative of the estate of Sylvia Snyder pursuant to the 1985 Last Will and Testament (see Appointment attached as Exhibit "C"). On or about April 2, 2004, the Defendant, David A. Snyder filed an Inventory with the Probate Division of the Circuit

-3-

Court of Palm Beach County in which the only probate asset listed for the Estate of Sylvia B. Snyder

was the property located in North Falmouth, Massachusetts (see Inventory attached as Exhibit "D").

On or about April 13, 2005, the Plaintiff, Jonathan L. Snyder, filed a Verified Complaint in

Barnstable Superior Court alleging Four Counts against the Defendant (see Verified Complaint).

Counts I, II, and III, were brought on behalf of the Estate of Sylvia B. Snyder alleging breach of

fiduciary duty, conversion, and fraud.   Count IV of the Plaintiff's Verified Complaint was brought

individually by the Plaintiff against the Defendant for tortious interference with an expectancy

interest.  The Defendant now asks this Court to dismiss the Plaintiff's Complaint for lack of subject

matter jurisdiction due to the Plaintiff's lack of standing.  The Plaintiff hereby opposes this Motion.

<div align="center">ARGUMENT</div>

I.    THIS COURT SHOULD DENY THE DEFENDANT'S MOTION TO DISMISS BECAUSE
      THE PLAINTIFF'S COMPLAINT DOES STATE CLAIMS UPON WHICH RELIEF CAN
      BE GRANTED.

This court should deny the Defendant's Motion to Dismiss for Failure to State a Claim Due

to Lack of Standing because the Plaintiff's Complaint states claims upon which relief can be granted.

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) will only be granted if it appears beyond doubt that

Plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Conley v.

Gibson, 355 U.S. 41, 45, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957).  The complaint should not be dismissed

for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts

in support of his claim which would entitle him to relief.  Nader v Citron, 372 Mass. 96, 98, 360

N.E.2d 870 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46, (1957).   All allegations of

material fact are to be taken as true and to be viewed in the light most favorable to the nonmoving

party.  Knight v. Mills, 836 F.2d 659, 664 (1st Cir. 1987).

A.   This Court Should Deny the Defendant's Motion to Dismiss Because the Plaintiff on Behalf of the Estate of Sylvia B. Snyder Has Standing to Assert the Allegations Contained in Counts I, II, and III, of His Complaint Pursuant to M.G.L. c. 230 § 5.

Standing is an issue of subject matter jurisdiction and in the absence of standing the Court cannot act.  Ginther v. Commissioner of Insurance, 427 Mass. 319, 322 (1998); Planning Board of Marshfield v. Zoning Board of Appeals of Pembroke, 427 Mass. 669, 703 (1998).  Pursuant to M.G.L. c. 230 § 5,

> It shall be unnecessary to remove an executor or administrator in order that an action to enforce a claim in favor of the estate may be brought by an administration to be appointed in his place, when he refuses to bring an action at the request of an heir, legatee or creditor, or is unable to do so by reason of his interest or otherwise, but an heir legatee or creditor having an interest in the enforcement of such claim may bring a civil action to enforce it for the benefit of the estate . . .

The Plaintiff, Jonathan L. Snyder, has standing to assert Counts I, II, and II, of his Verified Complaint on behalf of the Estate of Sylvia B. Snyder because he is an heir with an interest in the enforcement of these claims.  Pursuant to the Last Will and Testament of Sylvia B. Snyder, the Plaintiff, Jonathan L. Snyder, was a named beneficiary and was to receive one half of her residuary estate upon her death.  Any claim for funds which were converted or fraudulently transferred by the Defendant while acting under a Durable Power of Attorney in breach of the fiduciary duty owed to Sylvia B. Snyder during her lifetime, belong to the estate of Sylvia B. Snyder.  As an heir to the estate of Sylvia B. Snyder and an interested party, the Plaintiff has a statutory right pursuant to M.G.L. c. 230 § 5, to seek the enforcement of Counts I, II, and III of his Verified Complaint on behalf of the Estate of Sylvia B. Snyder.   Therefore, the Defendant's Motion to Dismiss must be denied.

a.    The Plaintiff on behalf of the Estate of Sylvia B. Snyder has a common law basis for the Breach of Fiduciary Duty Claim asserted in his Complaint.

The Defendant in his Motion to Dismiss states that "the Plaintiff has failed to allege a common law basis to assert the claims raised in the Complaint on his own behalf" (see Defendant's Motion to Dismiss). The Defendant further states in his Motion that the Plaintiff cannot assert that the Defendant owes him any fiduciary duty such that he may suffer damage as a result of a breach of such duty (see Defendant's Motion to Dismiss). The Defendant directs the Court to the case of Bessette v. Bessette, 385 Mass. 806 (1982), to establish that the Defendant did not owe a fiduciary duty to Jonathan L. Snyder. In Bessette, minority shareholders in a close corporation brought a personal action against the majority shareholder for transferring substantial sums of corporate funds for her own benefits. Id. The Superior Court of Massachusetts dismissed the case stating that any right to recover belonged to the corporation and not the individuals. Id. The Supreme Judicial Court affirmed this decision and stated the Plaintiffs should seek relief by a derivative action. Id.

The case at bar is distinguishable from the cases cited by the Defendant in his Motion to Dismiss because the Plaintiff, Jonathan L. Snyder, is not bringing a personal action against the Defendant and is not seeking to recover for his own benefit. The Plaintiff has brought Counts I, II, and III on behalf of the Estate of Sylvia B. Snyder because the right to recover belongs to the estate. The Plaintiff, Jonathan L. Snyder unlike the Plaintiffs in Bessette who brought a personal action, brought a claim for breach of fiduciary duty on behalf of the Estate of Sylvia B. Snyder, alleging that the Defendant owed Sylvia B. Snyder a fiduciary duty pursuant to a Durable Power of Attorney.

A power of attorney creates a principal-agent relationship with one supreme characteristic. Gagnon v. Coombs, 39 Mass. App. Ct. 144, 154, 654 N.E.2d 54 rev. denied 421 Mass. 1106, 657

N.E.2d 1272. As an agent the possessor of a power of attorney stands in a fiduciary relationship with the grantor of the power with respect to all matters within the scope of the power and owes the grantor the utmost good faith and absolute loyalty. Id. at 154 & n.10. "The quintessential mandate of that primal fiduciary duty obligates the attorney in fact to act, in the absence of language in the power of attorney to the contrary, solely in and to further the principal's interest, even at the expense of [his] own interest in matters connected with the agency." Id.

          The Defendant's argument misses the point since the Plaintiff has not alleged in his Complaint that the Defendant owed him a fiduciary duty. Instead, the Plaintiff has clearly stated that David Snyder owed Sylvia B. Snyder a fiduciary duty pursuant to his appointment as her attorney in fact. At the time Sylvia B. Snyder executed a Durable Power of Attorney permitting the Defendant, David Snyder, to act on her behalf, the Defendant owed her a fiduciary duty of utmost good faith and loyalty. The Defendant breached this duty by liquidating assets and committing acts of conversion which ultimately depleted her estate. The breach of fiduciary duty claim asserted in the Plaintiff's Complaint clearly belongs to the estate of Sylvia B. Snyder and is brought on behalf of the estate by the Plaintiff pursuant to M.G.L. c. 230 § 5. Therefore, the Defendant's Motion to Dismiss should be denied because the Plaintiff's Complaint alleges facts when taken as true establish a claim for breach of fiduciary duty on behalf of the Estate of Sylvia B. Snyder.

> b.    The Plaintiff on behalf of the Estate of Sylvia B. Snyder has a common law basis for the claim of Conversion asserted in his Complaint.

          In order to succeed on a claim of conversion, the Plaintiff must prove the Defendant has exercised dominion over the Plaintiff's property without right. Row v. Home Say. Bank, 306 Mass. 522, 525 (1940). The Plaintiff is required to show that the Defendant exercised control or dominion

over the property. Id.  A conversion may be committed by intentionally dispossessing another of his

property.  *Restatement Second of Torts* § 223.    The Plaintiff must also show that at the time of the

alleged conversion, the Plaintiff had the right to immediate possession or control over the converted

property.  In re Columbus Ave. Realty Trust, 968 F.2d 1332, 1358-9 (1st Cir. 1992).

      The Defendant alleges in his Motion to Dismiss that the Plaintiff cannot assert a claim of

conversion because the Plaintiff has failed to allege a fundamental element of conversion, namely

"that he himself had possession, or a right of immediate possession, of any property alleged to have

been converted by the Defendant" (see Defendant's Motion).  However, the Defendant again misses

the point.  Count II of the Plaintiff's Verified Complaint is brought by Jonathan L. Snyder on behalf

of the Estate of Sylvia B. Snyder against the Defendant, David Snyder (see Plaintiff's Verified

Complaint).  The Plaintiff has not alleged that the Defendant converted the Plaintiff's own property

and therefore, he need not assert that he himself had possession or a right to immediate possession..

Instead, the Plaintiff is alleging on behalf of the Estate of Sylvia B. Snyder that "the Defendant,

David A. Snyder, intentionally and wrongfully exercised acts of ownership over the property of

Sylvia B. Snyder while acting as her attorney in fact by treating it as his own"  (see Plaintiff's

Verified Complaint).  At the time of the alleged conversion, Sylvia B. Snyder had a right to

immediate possession or control over her own property.  Therefore, her estate now has a right to

assert a claim of conversion against the Defendant.  The Plaintiff has brought this claim on behalf

of the Estate of Sylvia B. Snyder pursuant to M.G.L. c. 230 §5.  Therefore, pursuant to M.G.L. c. 230

§5, the Plaintiff's Complaint alleges facts which entitle the estate of Sylvia B. Snyder relief and the

Defendant's Motion to Dismiss must be denied.

c.    This Honorable Court Should Relax the Requirement of Fed. R. Civ. P. 9(b) Which Requires a Plaintiff Plead Fraud Claims With Particularity Because the Plaintiff Does Not Have Access to the Facts Necessary to Plead Fraud with Specificity Due to the Death of Sylvia B. Snyder.

Customarily, a civil complaint need only contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to Fed.R.Civ.P. 9(b), cases alleging fraud must be plead with particularity. Fed.R.Civ.P. 9(b). This heightened standard requires a Plaintiff to allege the "who, what, where, and when the allegedly false or fraudulent representations" were made. Rodi v. Southern New England School of Law, 389 F. 3d 5, (1sr Cir. 2004) *citing* Alternative System Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23 (1st. Cir. 2004). However, "the particularity rule of Rule 9(b) must be relaxed where the plaintiff lacks access to all facts necessary to detail his claim . . . " Corley v. Rosewood Care Center, 142 F.3d 1041, 1051 (7th Cir. 1998) *citing* See Schiffels v. Kemper Fin. Serv. Inc., 978 F.2d 344, 353 (7th Cir. 1992); Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir. 1992); see also Jepson Inc. v. Makita Corp., 34 F.3d 1321, 1328 (7th Cir 1994).

In the case of Corley v. Rosewood Care Center, a nursing home resident and her son brought a civil action against the nursing home and its operator, alleging the Defendants attempted to defraud residents. 142 F.3d 104 (7th Cir. 1998). The Defendants moved the United States District Court for summary judgment based on several arguments, one of which was the Plaintiffs' Complaint failed to plead fraud with particularity as required by Fed.R.C.P. 9(b). The United States District Court granted summary judgment and the Plaintiffs appealed. Id. On appeal, the Plaintiffs alleged that they were unable to plead their fraud claim with particularity because the specific information necessary was in the hands of the Defendant. Id. The United States Court of Appeal reversed the

summary judgment and held that the particularity requirement must be relaxed in cases in which the Plaintiff lacks access to all the facts necessary to detail his claim. Id.

  The case before this Court is factually similar to the case of Corley v. Rosewood Care Center because here the Plaintiff, Jonathan L. Snyder, like the Plaintiffs in Corley, is unable to plead fraud with particularity because the victim of the Defendant's fraudulent scheme, Sylvia B. Snyder, is no longer available to explain the specifics of the fraud. The only party who has knowledge of the fraud is the Defendant, himself. The Plaintiff, Jonathan L. Snyder, was unaware of the fraudulent scheme to liquidate his mother's assets during her lifetime and did not become aware of the Defendant's actions until the Inventory was filed by the Defendant and the only probate asset listed for the Estate of Sylvia B. Snyder was the property located in North Falmouth, Massachusetts. It was at that time that the Plaintiff became aware of the Defendant's fraudulent scheme and it was too late to question Sylvia B. Snyder about the misrepresentations made by the Defendant while acting as her attorney in fact.

  The Plaintiff, Jonathan B. Snyder is unable at this time to plead fraud with particularity. However, this case is factually similar to that of Conley in which the court held that the particularity requirement must be relaxed because the Plaintiff did not have access to all facts necessary to detail his claim. The Plaintiff asks this Court to relax the particularity requirement just as the Conley court did and allow him to conduct discovery which will allow him access to the facts necessary to establish a claim for fraud.

B.   This Honorable Court Should Deny the Defendant's Motion to Dismiss Because the Facts Alleged in the Plaintiff's Verified Complaint If Taken as True and Viewed in a Light Most Favorable to the Plaintiff Clearly Establish a Claim for Tortious Interference with an Expectancy Interest.

The Defendant's Motion to Dismiss must be denied because the Plaintiff has alleged in his Verified Complaint facts which clearly meet the standard for liability under the theory of tortious interference with an expectancy interest.  In order to establish a claim for tortious interference with an expectancy interest, the Plaintiff must establish three elements: that he had a legally protected interest; that the Defendant intentionally interfered with the Plaintiff's expectancy in an unlawful way, such as undue influence; and that the Defendant's interference acted continuously on the donor until the time for the expectancy to be realized.  Labonte v. Giardono, 426 Mass. 319, 320-321, 687 N.E.2d 1253 (1997).

In the Plaintiff's Verified Complaint, he has alleged that the Defendant, as Executor of the Last Will and Testament of Sylvia B. Snyder was required by said Will to offer in writing, within fifteen (15) days of his appointment, to the Plaintiff the opportunity to purchase her real estate in North Falmouth, Massachusetts (see Exhibit A).  The Plaintiff pursuant to his mother's Will was also entitled to one-half of her residuary estate (see Exhibit A).  The Plaintiff had a legally protected interest in the North Falmouth property as well as one-half of his mother's residuary estate based upon the Last Will and Testament of Sylvia B. Snyder.  The Defendant interfered with this legally protected interest by unduly influencing his mother, Sylvia B. Snyder, while he possessed a Power of Attorney.  This Power allowed him to misappropriate and convert the funds of her estate for his own benefit during her lifetime so that upon her death there were no probate assets other than the North Falmouth property.  The same property which the Defendant was required to offer to the

-11-

Plaintiff in writing and, to date, still has not. Lastly, the Defendant's interference with the Plaintiff's expectancy was clearly continuous up until the time for the expectancy to be realized because the Defendant possessed the Power of Attorney until his mother's death and then he was appointed Executor of her estate which allowed him to continue to unlawfully interfere with the Plaintiff's lawful expectancy interest in both the North Falmouth property and one-half of the residuary estate of Sylvia B. Snyder.

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) will be granted only if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957). All allegations of material fact are to be taken as true and to be viewed in the light most favorable to the nonmoving party. Knight v. Mills, 836 F.2d 659, 664 (1st Cir. 1987). It is clear from the material facts alleged in the Plaintiff's Verified Complaint that the Plaintiff can meet the three prong test established in Labonte v. Giardono necessary to succeed on a claim of tortious interference with an expectancy interest. Therefore, the Plaintiff requests that this Honorable Court deny the Defendant's Motion to Dismiss.

CONCLUSION

The Plaintiff's Verified Complaint clearly states a set of facts, which when taken as true and viewed in a light most favorable to the Plaintiff, support his claims on behalf of the Estate of Sylvia B. Snyder for breach of fiduciary duty, conversion, and fraud. The Plaintiff has standing upon which to bring these claims pursuant to M.G.L. c. 230 § 5 as an heir of the estate of Sylvia B. Snyder. Furthermore, looking at the facts in a light most favorable to the Plaintiff, the facts alleged in the

Plaintiff's Complaint clearly meet the standard for a claim of tortious interference with an expectancy interest.  Therefore, this Honorable Court should deny the Defendant's Motion to Dismiss.

<div style="margin-left:40%">

Respectfully submitted for the Plaintiff

By his attorneys,

WYNN & WYNN, P.C.


 /s/ Kevin J. O'Malley
Thomas J. Wynn, BBO# 535860
Kevin J. O'Malley, BBO #548685
90 New State Highway
Raynham, MA 02767
(508) 823-4567

</div>

## CERTIFICATE OF SERVICE

I, Kevin J. O'Malley, hereby certify that on this date, June 29, 2005, I caused to be served the foregoing documents, by electronic notice, upon the following Counsel of record:

Mark W. Corner
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA 02108

<div style="margin-left:40%">

 /s/ Kevin J. O'Malley
Kevin J. O'Malley

</div>

03/11/2004  12:07:23  20040136102
OR BK 16658 PG 1369
Palm Beach County, Florida
Dorothy H Wilken, Clerk of Court

50 2004 CP 000939 XXXXSB

4210

I, SYLVIA B. SNYDER, of Pawtucket, Rhode Island, declare
this to be my will and revoke all previous wills and codicils.

FIRST: DEBTS, EXPENSES, TAXES.  My debts and the expenses
of my last illness and funeral and of settling my estate (in
all jurisdictions) shall be paid from my estate.  All estate
taxes (except those on account of any property held in any
trust I did not establish) shall be paid from my estate in the
same manner as my debts.

SECOND: REAL ESTATE. 1. If my husband, Abraham H. Snyder
(hereinafter "my husband"), is not living at my death, I direct
my executor within fifteen (15) days after my executor's
appointment by a court of competent jurisdiction to offer in
writing to my son, Jonathan L. Snyder, if he is living at my
death, the opportunity to select either of the following:  (a)
my real estate located in said Pawtucket or (b) my real estate
in North Falmouth, Massachusetts.  In the event that I own only
one of said parcels of real estate at my death, said offer
shall apply to the parcel that I own.

2.  If my son, Jonathan L. Snyder, shall accept said offer
(such acceptance to be made by an instrument in writing
delivered to my executor within sixty [60] days after delivery
of said offer), I authorize and direct my executor to convey
the real estate selected by my son, Jonathan L. Snyder, to him
and to convey the other said real estate (if I own both of said
parcels of real estate at my death) to my son, David A. Snyder,
if he is then living.  The value of any real estate conveyed to
either of my sons shall be deemed to be a part of the residue
of my estate and a part of the share therein distributable to
such son at their value in the state estate tax proceedings
relating to my estate.

✓            *Sylvia B. Snyder*

3.  If my son, Jonathan L. Snyder, shall not accept said offer, I direct my executor to sell all my interest in all said real estate for such price and upon such terms as my executor shall deem best, and no purchaser of said real estate shall be required to inquire whether an offer pursuant to the provisions hereof shall have been made, accepted or declined, but shall be entitled to rely entirely upon the exercise by my executor of the power of sale hereinafter conferred.  Neither of my sons shall be deemed to have any legal or equitable interest in said real estate.  The net proceeds of any sale shall be added to the residue of my estate.

THIRD:  TANGIBLES.  I give all my tangible personal property to my husband, or if he is not living at my death, in equal shares to such of my sons, David A. Snyder and Jonathan L. Snyder (hereinafter "my sons"), as are then living.

FOURTH:  RESIDUE.  I give all the residue of my estate, real and personal, to my husband, or if he is not living at my death, in equal shares to such of my sons as are then living, provided, that if there are issue then living of a deceased son of mine, the share to which such son would have been entitled if then living shall be distributed per stirpes to such issue.

FIFTH:  POWERS OF EXECUTOR.  I empower my executor:

1.  To appoint specific or general proxies and to place stock in voting trusts.

2.  To participate in or disapprove any reorganization, recapitalization, consolidation, merger, winding up or read-justment of the indebtedness of any corporation or association.

3.  To compromise or submit to arbitration any matters in dispute.

4.  To sell assets at public or private sale, for cash or on credit, together or in parcels; and to sell real estate even though there may be personal property which might be sold.

5.  To invest and reinvest assets.



-2-

6.  To execute all deeds, mortgages and other documents to carry out any of the foregoing powers.

SIXTH:  DEFINITIONS.

1.  The term "estate taxes" refers to any federal, state or foreign estate, inheritance or like taxes on account of any property included in my gross estate in the final determination of such taxes.

2.  The term "my tangible personal property" refers to my personal effects, jewelry, books, household furniture, furnishings and effects, automobiles and all other tangible personal property which I own at my death but does not include money, securities or the like.

3.  The term "my executor" refers to my executor, any alternate executor and any administrator with this will annexed.

4.  The term "residue" does not refer to or include any property, real or personal, over which I shall have power of appointment.

5.  The term "give" means devise and/or bequeath and, unless otherwise specified in this will, shall transfer all of my interest in the property given.

6.  Whenever herein a distribution is directed to be made per stirpes to the issue at the time living of any person then deceased, such distribution shall be made to the then living children of such person and to the then living issue of any such child who shall then have died, such children to take in equal shares and such issue through all degrees to take per stirpes the share or respective shares which his, her or their parent or respective parents would have taken if then living.

SEVENTH:  EXECUTOR.  I appoint my husband executor of this will; or if he fails or ceases to serve, I appoint my son, David A. Snyder, executor.  No executor shall be required to furnish any bond or surety.

IN TESTIMONY WHEREOF, I have to this will written on three pages set my hand on  July 5       , 1985.

_____     Sylvia B. Snyder


Sylvia B. Snyder declared this instrument to be her will and signed it in our presence and we have at her request signed

-3-

our names as witnesses in her presence and in the presence of
each other.

Barry A Hittner _____    Residing at _121 Hazard Ave_
_____                  _Providence RI_
Nancy Fisher Chaslaroff _____     Residing at _84 Cole Avenue_
_____                  _Providence, RI_

-4-

STATE OF RHODE ISLAND

COUNTY OF PROVIDENCE

In Providence on *July 5* , 1985, then and there personally appeared the undersigned, who, being duly sworn, depose and say: that they witnessed the execution of the will of Sylvia B. Snyder dated *July 5* , 1985; that the signature to the will is in the handwriting of the testator; that said testator so subscribed said will and declared the same to be her last will and testament in their presence; that they thereafter subscribed the same as witnesses in the presence of said testator and in the presence of each other; that at the time of the execution of said will the testator appeared to be of sound mind and twenty-one (21) years of age or over; and that the signatures of the witnesses on said will are genuine.

*Barry M Hittner*

*Nancy Fisher Chudacoff*

Subscribed and sworn to before me on the day and date first above written.

*Kathleen J. Domingos*
Notary Public

KATHLEEN J. DOMINGOS
My Commission Expires June 30, 1989

STATE OF FLORIDA
COUNTY OF PALM BEACH

IN RE: ESTATE OF:                                         CASE NUMBER: _502004CP000939XXXXSB_

_Sylvia B. Snyder_____, Dec'd

I, **SHARON R. BOCK**, Clerk of the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, do hereby certify that the above and foregoing is a true and correct **COPY**.

Letters __X__ ARE ____ ARE NOT in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and seal of said Court at West Palm Beach, Florida, this _25ᵗʰ_ day of _January, 2005_ .

                                         SHARON R BOCK
                                         Clerk of Circuit Court

                                         BY: _Ann Marie Farr_____
                                         Deputy Clerk

STATE OF FLORIDA
COUNTY OF PALM BEACH

I, **GARY L. VONHOF**, Judge of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, DO HEREBY CERTIFY that **SHARON R BOCK**, whose name is subscribed to the foregoing certificate and attestation, in the duly appointed and qualified Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, and that the seal thereto affixed is the genuine seal of the said Court, and that the said certificate and attestation are in due form and made by the proper officer, and that full faith and credit are due and ought to be given to all of the official acts of said Clerk, as well in courts of judicature as elsewhere.

IN TESTIMONY WHEREOF, I have hereunto set my hand at West Palm Beach, Palm Beach County, Florida, this _25ᵗʰ_ day of _January, 2005_.

                                         _G L Vonhof_____
                                         Judge of the Circuit Court of Palm Beach County, Florida

STATE OF FLORIDA
COUNTY OF PALM BEACH

I, **SHARON R BOCK**, Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, DO HEREBY CERTIFY that the Honorable **GARY L. VONHOF** is Judge of the Circuit Court of Palm Beach County, Florida, duly commissioned, qualified and acting, and that the signature to the foregoing certificate and attestation is genuine and in his own proper handwriting, and that full faith and credit are due and ought to be given to all of his official acts as well in courts of judicature as elsewhere.

IN TESTIMONY WHEREOF, I have hereunto set my and the seal of said court at West Palm Beach, Palm Beach County, Florida, this _25ᵗʰ_ day of _January, 2005_.

                                         SHARON R  BOCK
                                         Clerk of the Circuit Court

                                         BY: _Ann Marie Farr_____
                                         Deputy Clerk



# STATE OF RHODE ISLAND
# AND
# PROVIDENCE PLANTATIONS
### RHODE ISLAND DEPARTMENT OF HEALTH
## CERTIFICATE OF DEATH

PHYSICIANS MUST COMPLETE SHADED AREAS ONLY. FUNERAL HOME MUST COMPLETE UNSHADED AREAS.

LOCAL FILE NUMBER    STATE FILE NUMBER

**DECEDENT**
Brief Instructions On Reverse Side.

TYPE OR PRINT IN BLACK INK

| DECEASED — FIRST NAME | MIDDLE | LAST | SEX | DATE OF DEATH (Month, day, year) |
|---|---|---|---|---|
| 1. Sylvia | | Snyder | 2. Female | 1/8/04 |

| 3. HOSPITAL OR OTHER INSTITUTION — NAME (If not in either, give street and number) | 3a. | CITY, TOWN, OR LOCATION OF DEATH |
|---|---|---|
| 4a. Rhode Island Hospital | | 4b. Providence |

| AGE — LAST BIRTHDAY (Years) | UNDER 1 YEAR MOS. DAYS | UNDER 1 DAY HOURS MIN. | 6. DATE OF BIRTH (Month, day, year) | 7. BIRTHPLACE (City and State or Foreign Country) | WAS DECEDENT EVER IN U.S. ARMED FORCES? (Specify Yes or No) NAME WAR |
|---|---|---|---|---|---|
| 5a. 86 | 5b. | 5c. | 6. Oct 1, 1917 | 7. Central Falls, RI | 8. No |

| RACE — Am. Indian, Black, White, etc. (Specify) | ETHNIC ORIGIN — Cuban, Mexican, P. Rican, Hmong, Laotian, etc. (Specify) | MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (Specify) | SPOUSE (If wife, give maiden name) |
|---|---|---|---|
| 9a. White | 9b. American | 10. Widowed | 11. Abraham Snyder |

| SOCIAL SECURITY NUMBER | USUAL OCCUPATION (Give kind of work done during most of working life. Do NOT use retired) | KIND OF BUSINESS OR INDUSTRY |
|---|---|---|
| 12. 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 | 13a. Teacher | 13b. Education |

| RESIDENCE ADDRESS (House number, street name) | CITY OR TOWN OF RESIDENCE, STATE & ZIP CODE |
|---|---|
| 14a. 99 Hillside Avenue | 14b. Providence, RI 02906 |

15. MAILING ADDRESS — If different from residence address in item above (P.O. Box, RR, City/Town or Village, State, Zip Code)

**PARENTS**

| FATHER — FIRST NAME | MIDDLE | LAST | MOTHER — FIRST NAME | MIDDLE | MAIDEN NAME |
|---|---|---|---|---|---|
| 16. Hyman | | Berger | 17. Yetta | | Singer |

| INFORMANT — NAME | MAILING ADDRESS (Street or R.F.D. Number, City or Town, State, Zip Code) |
|---|---|
| 18a. David Snyder | 18b. 5706 NW 23rd Terrace, Boca Raton, FL 33496 |

**DISPOSITION**

| BURIAL CREMATION, DONATION, OTHER (Specify) | PLACE OF DISPOSITION (Name of cemetery, crematory, or other place) | CITY OR TOWN | STATE |
|---|---|---|---|
| 19a. Burial | 19b. Swan Point Cemetery | Providence | RI |

| SIGNATURE OF FUNERAL HOME LICENSEE | FUNERAL HOME — NAME | FUNERAL HOME/DIR. LICENSE NUMBER |
|---|---|---|
| 20a. Jill E. Sugar | 20b. Sugarman — Sinai Memorial Chapel | 20c. 88 |

ITEMS BELOW TO BE COMPLETED BY CERTIFYING PHYSICIAN ONLY

| | FUNERAL HOME ADDRESS (Street or R.F.D. Number, City or Town, State, Zip Code) |
|---|---|
| | 20d. 458 Hope Street, Providence, RI 02906 |

**CERTIFIER**
To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated

| 21a. (Signature) | DEGREE OR TITLE | 21b. LICENSE NUMBER | DATE SIGNED (Month, day, year) |
|---|---|---|---|
| M. Buchalter MO/Buchalter MD | MD | LR22729 | 21c. 1/8/04 |

| NAME OF CERTIFIER (Type or print) | IF HOSP. OR INST. Indicate DOA, OP/Emer, Rm., Inpatient (Specify) | HOUR OF DEATH (If unknown, so state) |
|---|---|---|
| 22. Matthew L. Buchalter, MD | 23. Inpatient | 24. 3:00 am |

| 25. ADDRESS OF CERTIFIER (Street or R.F.D. Number, City or Town, State, Zip Code) | WAS DEATH REFERRED TO MEDICAL EXAMINER? (Specify Yes or No) | LENGTH OF ATTENDANCE (Specify) Hrs. Min. Days |
|---|---|---|
| 25. Rhode Island Hospital, 593 Eddy St., Providence, RI | 26. no | 27. 5 days |

| 27a. NAME AND ADDRESS OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (1st & Last, R.ng) |
|---|
| Dr. Kevin Dushay |

**REGISTRAR**

| 28a. (Signature) | FILE DATE — DATE RECEIVED BY REGISTRAR (Month, day, yr.) |
|---|---|
| | JAN 1 3 2004 |
| | 28b. |

**CAUSE OF DEATH**
SEE INSTRUCTIONS ON OTHER SIDE

29. PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure.

IMMEDIATE CAUSE (Final disease or condition resulting in death) →

| | | Approximate Interval Between Onset and Death |
|---|---|---|
| a. | Cardiac Arrhythmia | < minutes |
| b. DUE TO (OR AS A CONSEQUENCE OF): | Atrial Fibrillation | 1 month |
| c. DUE TO (OR AS A CONSEQUENCE OF): | Interstitial Lung Disease | 1½ years |
| d. DUE TO (OR AS A CONSEQUENCE OF): | | |

Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST

| PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I. | AUTOPSY (Yes or No) 30a. no | If yes, were findings considered in determining cause of death? 30b. |
|---|---|---|

| ACCIDENT (Specify Yes or No) 31a. no | DATE OF INJURY (Mo. day, yr.) 31b. | HOUR OF INJURY 31c. | DESCRIBE HOW INJURY OCCURRED 31d. |
|---|---|---|---|

| INJURY AT WORK (Specify Yes or No) 31e. | PLACE OF INJURY — At home, farm, street, factory, office building, etc. (Specify) 31f. | LOCATION | STREET OR R.F.D. NUMBER | CITY OR TOWN | STATE |
|---|---|---|---|---|---|

R.I. Law requires Funeral Director to file this certificate with the City or Town Clerk at the Place of Death within 7 days.

VS-2 Rev. 1-88

NAME OF DECEDENT: Snyder, Sylvia — FOR USE BY PHYSICIAN INSTITUTION ONLY

---

I hereby certify that this a true and exact copy of the document officially registered and placed on file in the issuing office.

| Issuing Office | City Registrar Providence | Date of Issuance | JAN 1 3 2004 |
|---|---|---|---|

02021400

Signature of Registrar _____

**THIS COPY VALID ONLY IF ISSUED ON PAPER WITH ENGRAVED BORDER DISPLAYING RAISED SEAL AND SIGNATURE OF STATE OR LOCAL REGISTRAR.**

VS-81

American Bank Note Company          ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

4210

IN THE CIRCUIT COURT FOR <u>PALM BEACH</u> COUNTY,
FLORIDA                         PROBATE DIVISION

IN RE: ESTATE OF          File No. 502004CP000939XXXXSB

SYLVIA B. SNYDER
                              Division     IY
            Deceased.

LETTERS OF ADMINISTRATION
(single personal representative)

TO ALL WHOM IT MAY CONCERN

WHEREAS, SYLVIA B. SNYDER, a resident of 5706 NW 23rd Terrace, Boca Raton, FL 33496
died on January 8, 2004, owning assets in the State of Florida, and

WHEREAS, DAVID A. SNYDER has been appointed personal representative of the estate of the
decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned circuit judge, declare DAVID A. SNYDER duly
qualified under the laws of the State of Florida to act as personal representative of the estate of
SYLVIA B. SNYDER, deceased, with full power to administer the estate according to law; to ask,
demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far
as the assets of the estate will permit and the law directs; and to make distribution of the estate according
to law.

ORDERED on ___MAR 9___, 2004.

_____
Circuit Judge

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy as filed in my office and
the same is in full force and effect.
This ___ day of _____ 20__
DOROTHY H. WILKEN
CLERK OF CIRCUIT COURT
BY _____
Deputy Clerk • Probate Division

Bar Form No. P-3.0700    35050.1
© Florida Lawyers Support Services, Inc.
Reviewed January 1, 2003

①

IN THE CIRCUIT COURT FOR <u>PALM BEACH</u> COUNTY,
FLORIDA                   PROBATE DIVISION

IN RE:  ESTATE OF        File No.  502004CP000939XXXXSB

SYLVIA B. SNYDER

                          Division    IY
        Deceased.

ORDER ADMITTING WILL TO PROBATE
AND APPOINTING PERSONAL REPRESENTATIVE
(single)

The instrument presented to this court as the last will of SYLVIA B. SNYDER, deceased, having been established by the oath of BARRY G. HITTNER, a subscribing and attesting witness, as being the last will of the decedent, and no objection having been made to its probate, and the court finding that the decedent died on January 8, 2004, and that DAVID A. SNYDER is entitled and qualified to be personal representative, it is

ADJUDGED that the will dated July 5, 1985, and attested by BARRY G. HITTNER and NANCY FISHER CHUDEROFF as subscribing and attesting witnesses, is admitted to probate according to law as the last will of the decedent, and it is further

ADJUDGED that DAVID A. SNYDER is appointed personal representative of the estate of the decedent, and that upon taking the prescribed oath, filing designation and acceptance of resident agent, and entering into bond in the sum of $_____—0—_____, letters of administration shall be issued.

ORDERED on ___MAR  9  2004___.

_____
Circuit Judge

Bar Form No. P-3.0400    35084.1
Florida Lawyers Support Services, Inc.
Reviewed January 1, 2003

IN THE CIRCUIT COURT FOR <u>PALM BEACH</u> COUNTY, FLORIDA
PROBATE DIVISION

IN RE: ESTATE OF          File No. <u>502004CP000939XXXXSB</u>

SYLVIA B. SNYDER
                         Division _____ <u>IY</u>

        Deceased.

INVENTORY

      The undersigned personal representative of the estate of SYLVIA B. SNYDER, deceased, who died January 8, 2004, and whose social security number is 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, submits this inventory of all the property of the estate, EIN _____ (if known), that has come into the hands, possession, control, or knowledge of this personal representative:

REAL ESTATE IN FLORIDA -- Exempt (Protected) Homestead:

Description

    NONE

REAL ESTATE IN FLORIDA -- Non-Exempt Homestead:

| Description | Estimated Fair Market Value |
|---|---|
| NONE | $0.00 |

*(Whether homestead property is exempt from claims of creditors, whether it is properly devised and whether it is a probate asset may have to be determined by appropriate proceedings.)*

OTHER REAL ESTATE IN FLORIDA:

| Description | Estimated Fair Market Value |
|---|---|
| NONE | $0.00 |
| Total Real Estate in Florida -- Except Exempt (Protected) Homestead | $0.00 |

PERSONAL PROPERTY WHEREVER LOCATED:

| Description | Estimated Fair Market Value |
|---|---|
| NONE | $0.00 |
| Total Personal Property -- Wherever Located | $0.00 |
| TOTAL OF ALL PERSONAL PROPERTY AND FLORIDA REAL ESTATE | $0.00 |

Bar Form No. P-3.0900   35333.1
© Florida Lawyers Support Services, Inc.
   Reviewed January 1, 2003

Estate of Sylvia B. Snyder
File No.502004CP000939XXXXSB

Legal Description of Real Property Outside of Florida:

      The land together with the buildings thereon situated in Falmouth, Barnstable County, Massachusetts, in that part known as Silver Beach Highlands, bounded as follows:

          On the North by the South line of Crystal Spring Avenue as shown
                on plan hereinafter mentioned 138.75 feet;
          On the East by Lot 26 as per Plan 80 feet;
          On the Southeast by Lot 60 as per plan 68 feet;
          On the South by land of owners unknown as per plan 106.73 feet; and
                on the West by Lot 23 as per Plan 140 feet.

      The above described premises are shown as Lots No. 24 and 25 on plan entitled "Plan of House Lots at Silver Beach Highlands, No. Falmouth," recorded in Barnstable County Deeds Plan Book 40 Page 33.

All real estate located outside the State of Florida owned by the decedent of which the personal representative is aware, if any, is described on a schedule attached hereto. [If none, so indicate]

<div align="center">SEE ATTACHED SCHEDULE</div>

*NOTICE: Each residuary beneficiary in a testate estate or heir in an intestate estate has the right to request a written explanation of how the inventory value of any asset was determined, including whether the personal representative obtained an independent appraisal for that asset and from whom the appraisal was obtained. Any other beneficiary may request this information regarding all assets distributed to or proposed to be distributed to that beneficiary.*

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true to the best of my knowledge and belief.

Signed on _____April 2_____, 2004.

Attorney for Personal Representative:

Jerome L. Wolf

Florida Bar No. 399302
BERGER SINGERMAN
2650 North Military Trail, Suite 240
Boca Raton, FL 33431
Telephone: (561) 241-9500

Personal Representative:

David A. Snyder

5706 NW 23rd Terrace
Boca Raton, FL 33496